491 P.2d 1265

Clinton L. McMUNN, Claimant-Appellant,

v.

DEPARTMENT OF PUBLIC LANDS and Department of Employment, Defendants-Respondents.

No. 10939.

Supreme Court of Idaho.

Dec. 27, 1971.

**494**

Carl M. Buell, St. Maries, for claimant-appellant.

R. LaVar Marsh, Legal Counsel, Dept. of Employment, State of Idaho, Boise, for defendants-respondents.

SHEPARD, Justice.

This is an appeal from an order of denial of unemployment benefits. In August of 1970 claimant was discharged from the Armed Forces and sought and obtained employment with the Department of Public Lands in St. Maries, Idaho. Claimant was hired as a firefighter and assigned duties as a member of a "brush crew." After working a few days out of a station in St. Maries, Idaho, claimant learned that he was to be assigned to a crew which lived at a camp in the woods and that members of the crew returned to St. Maries only on week-ends. Upon learning of such assignment, claimant informed his immediate supervisor that he wanted to go hunting, did not need a job and desired to terminate his employment. Claimant at that time did not advise his supervisor of any other reason for terminating his employment.

Claimant thereafter applied for unemployment benefits which were denied and the denial was upheld during various administrative hearings, including the hearing before the Industrial Accident Board from whose decision this appeal is taken.

I.C. § 72–1366 provides in pertinent part:

"The personal eligibility conditions of a benefit claimant are that—

\*   \*   \*   \*   \*   \*

"(f) His unemployment is not due to the fact that he left his employment voluntarily without good cause \* \* \*."

I.C. § 72–1302 provides:

"As a guide to the interpretation and application of this act, the public policy of this state is declared to be as follows: Economic insecurity due to unemployment is a serious menace to the health, morals and welfare of the people of this state. Involuntary unemployment is therefore a subject of national and state interest \* \* \*. The legislature, therefore, declares that, in its considered judgment, the public good, and the general welfare of the citizens of this state require the enactment of this measure, under the police powers of the state, \* \* \* for the benefits of persons unemployed through no fault of their own."

It is apparent from the above quoted statutes that when an employee voluntarily terminates employment and seeks unemployment benefits it is incumbent upon

him to show that the termination was based upon "good cause."

Although no mention of any "good cause" was made by claimant at the time of his termination, he thereafter during the course of the administrative hearings gave several reasons for the termination of employment. He stated that having just spent two years in the Armed Services that he did not desire to be placed in a "barracks" atmosphere, that he felt the pay of $2.50 to $3.00 an hour was insufficient, and that he felt that he was going to be "laid off" for at least a part of the winter in the then near future.

■ The burden of proving and establishing eligibility for unemployment benefits under the statutes rests with a claimant. Clark v. Bogus Basin Recreational Association, 91 Idaho 916, 435 P.2d 256 (1967); O'Neal v. Employment Security Agency, 89 Idaho 313, 404 P.2d 600 (1965); I.C. § 72–1301 et seq.

The record is clear that claimant was not informed by any person in authority of any imminent termination of employment, either temporary or permanent, for a part of the winter. The record discloses no attempt by the claimant to verify any such possibility of termination of employment, and the record affirmatively shows that the crew to which claimant had been assigned continued to work past the date at which claimant applied for unemployment benefits and for an indeterminate period thereafter.

■ Claimant had the burden of showing that the wages or hours he was required to work were substantially less favorable than those of other employees similarly situated in this same locale. Clark v. Bogus Basin Recreational Association, supra. Claimant did not sustain that burden in any respect.

■ It is apparent that claimant's sole and retrospective reason for termination was that he would be required to live in a "barracks" atmosphere away from town. The record reveals no evidence which would show that living in such atmosphere would in any way be deleterious to his mental or physical health or well being. The evidence might be viewed as containing an inference that claimant did not look with enthusiasm upon the necessity of living in a camp. Claimant did not attempt to live in the camp atmosphere nor secure a change in job assignment. Claimant did not testify nor did he present any other witness to testify that living in the camp would be detrimental to his physical or mental health. The mere fact that claimant may not have enjoyed the prospect of living away from town and in a logging camp is not enough to establish "good cause."

> " 'Good cause' within the purview of our statute does not extend to purely personal and subjective reasons which are unique to the employee but embraces conditions other than those which by common knowledge are usual where accompanied by minor irritations." Clark v. Bogus Basin Recreational Association, supra; Boodry v. Eddy Bakeries Co., 88 Idaho 165, 397 P.2d 256 (1964).

We find the remaining contentions of claimant to be without merit. The Industrial Accident Board found that none of the contentions of the claimant were sufficient to require the granting of unemployment benefits and there was and is substantial competent evidence in the record to uphold that determination. That determination therefore will not be disturbed upon review. Clark v. Bogus Basin Recreational Association, supra; Alder v. Mountain States Telephone and Telegraph Company, 92 Idaho 506, 446 P.2d 628 (1968); Oliver v. Creamer Heating & Appliance, 91 Idaho 312, 420 P.2d 795 (1966).

Claimant failed to sustain his burden of showing good cause for his voluntary termination of employment and unemployment benefits were therefore properly denied. The determination of the Industrial Acci-

**496**

dent Board is affirmed. Costs to respondents.

McQUADE, C. J., McFADDEN, and DONALDSON, JJ., and PRATHER, District Judge, concur.