554 P.2d 946

**Richard S. FLYNN, Claimant-Appellant,**

**v.**

**AMFAC FOODS, INC., Employer, and Department of Employment, Respondents.**

**No. 12117.**

Supreme Court of Idaho.
Sept. 24, 1976.

imum of 45 shifts. On April 25, 1975, after repeated requests for a leave of absence and denial thereof, Flynn prepared a voluntary quit slip and left his employment. At that time Flynn had worked a total of 45 calendar days but not 45 shifts. On May 11, Flynn reapplied at Amfac for employment and was denied.

Following hearing before a claims examiner and a review on that record by the Industrial Commission, Flynn was denied unemployment benefits. We affirm.

Appellant requests augmentation of the record to indicate evidence not before the hearing examiner or the Industrial Commission, i.e., that his wife was ill. This Court can only consider the facts as contained in the record below and thus such new "evidence" cannot be considered. I.C. § 72–1368(i).

The sole question presented here is whether Flynn's assertion that he desired a leave of absence so he could bring his family from Texas to Idaho constitutes a "good cause" for voluntary termination of employment. I.C. § 72–1366(f). The burden of proving and establishing eligibility for unemployment benefits under the statutes rests with a claimant. *Clark v. Bogus Basin Recreational Assoc.*, 91 Idaho 616, 435 P.2d 256 (1967) and in a case such as here that burden includes establishing good cause for voluntary termination of employment. *McMunn v. Dept. of Public Lands*, 94 Idaho 493, 491 P.2d 1265 (1971); *Toland v. Schneider*, 94 Idaho 556, 494 P.2d 154 (1972). The record is clear that the Commission was correct in ruling that claimant failed to sustain his burden of showing good cause for his voluntary termination of employment as being more than "purely personal and subjective reasons which are unique to the employee." *McMunn v. Dept. of Public Lands, supra.* Affirmed. Costs to respondent.

Robert L. LaRoche and James R. Zatopa, Pocatello, for appellant on the brief.

Wayne L. Kidwell, Atty. Gen., R. LaVar Marsh, Asst. Atty. Gen., Boise, for respondent.

PER CURIAM.

Appellant Flynn was employed by respondent Amfac Foods, Inc., at American Falls, Idaho, from March 12, 1975 to April 27, 1975. During that employment Flynn sought a leave of absence and was told by the employer that such would not be considered until he had worked at least a min-