565 P.2d 1381

**Geraldine PYEATT, Claimant-Appellant,**

v.

**IDAHO STATE UNIVERSITY, School of Vocational Technical Education, and the Department of Employment, Defendants-Respondents.**

**No. 12253.**

Supreme Court of Idaho.

June 29, 1977.

Michael E. Donnelly, Skinner, McClelland & Donnelly, Boise, for claimant-appellant.

Wayne L. Kidwell, Atty. Gen., R. LaVar Marsh, Deputy Atty. Gen., Boise, for defendants-respondents.

PER CURIAM.

This is an appeal from an order of the Industrial Commission denying appellant's claim for unemployment compensation. We affirm.

The facts are not in issue and indicate that claimant-appellant Geraldine Pyeatt worked as an assistant registrar at Idaho State University for more than four years until she terminated the employment on October 31, 1975. Pyeatt's husband had also been employed in Pocatello and was offered a promotion which evidently was contingent on Mr. Pyeatt's moving to Boise. He accepted the promotion and Mrs. Pyeatt terminated her employment in order to accompany her husband in the move to Boise. The parties tacitly agree there was no other cause or reason for the termination of Mrs. Pyeatt's employment at Idaho State University. Following the Pyeatt's move to Boise, Geraldine Pyeatt was unable to secure employment and filed for unemployment benefits.

Appellant was denied unemployment benefits in an initial determination, a redetermination, a decision of the appeals examiner, all within the Department of Employment, and an affirmation of those determinations by the Industrial Commission.

It is well settled that the burden of proving and establishing statutory eligibility for unemployment benefits rests with a claimant. *Clark v. Bogus Basin Recreational Assoc.*, 91 Idaho 916, 435 P.2d 256 (1967); *Flynn v. Amfac Foods, Inc.*, 97 Idaho 768, 554 P.2d 946 (1976). I.C. § 72–1366 provides eligibility conditions for the receipt of unemployment compensation and included therewith is the requirement that a claimant's unemployment is not due to a voluntary leaving or quitting without good cause.

The claimant further bears the burden of establishing "good cause" in a case such as here where claimant voluntarily terminated employment. *McMunn v. Dept. of Public Lands,* 94 Idaho 493, 491 P.2d 1265 (1971); *Toland v. Schneider,* 94 Idaho 556, 494 P.2d 154 (1972); *Flynn v. Amfac Foods, Inc., supra.*

I.C. § 72–1366 also provides a legislative determination of one reason which is not considered "good cause", i. e.,

"Claimant's unemployment is not due to having voluntarily left work * * * to leave the locale to live with a spouse. The provisions of this subsection shall not apply after a change in conditions whereby claimant has become the main support of self or immediate family * * *."

It is clear that the specific provisions of I.C. § 72–1366 are dispositive of appellant's claim. It is for that reason appellant argues I.C. § 72–1366 is unconstitutional as a denial of equal protection mandated by both the Idaho and U.S. Constitutions.

Claimant-appellant asserts that her termination of employment was not voluntary since she had a compelling need and desire to maintain the family unit and avoid divorce, and thus she had no alternative but to terminate her job and move to Boise with her husband. In support of that argument, claimant-appellant provides no authority which we deem applicable. Her employment was terminated by her own free act for causes over which her employer obviously had no control and which had nothing to do with the conditions of her employment. They were purely personal and subjective reasons which were unique to the employee. *See, McMunn v. Dept. of Public Lands, supra.*

Claimant-appellant relies heavily on the case of *Shelton v. Phalen,* 214 Kan. 54, 519 P.2d 754 (1974). While *Shelton* involved facts similar to the case at bar, the Kansas statutory scheme which that court sought to uphold was substantially different than Idaho's and therefore we deem *Shelton* to be clearly distinguishable from the case at bar.

Claimant-appellant asserts that when a legislative classification is based on suspect criteria or when fundamental rights are infringed, the discretion otherwise

granted to the legislative branch of government is narrowed. We do not disagree. However, while the statute in question may in former times have discriminated as between the male and female, the statute in effect at the time in question here does not discriminate since it is worded in terms of "spouse." It is also argued that the statute unconstitutionally inhibits claimant-appellant's right to travel. We disagree. We are cited to no applicable authority in support of that argument and we are unwilling to extend the holdings of the U.S. Supreme Court regarding the constitutional right to travel to the circumstances of the case at bar.

In essence we are asked to change the law of Idaho relating to unemployment compensation. We are asked to extend coverage in favor of claimants who have voluntarily terminated their employment if they remain a candidate in the labor market. This our legislature has not seen fit to adopt in its statutory scheme. Rather, the legislature has sought to encourage *stability* of employment, I.C. § 72–1302(a) and one of the methods of which the legislature has adopted in accomplishing that purpose is to discourage voluntary termination of employment without "good cause" and voluntarily casting oneself on the unemployment rolls. We cannot say that such constitutes an invalid state purpose.

The order of the Industrial Commission denying appellant's claim is affirmed. Costs to respondents.