Top Oil Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges CRAIG and PAL-LADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Edgar P. Herrington, Jr.,* for petitioner.

*Charles D. Donahue,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, March 22, 1985:

Top Oil Company (Top Oil) appeals here a decision and order of the Unemployment Compensation Board of Review (Board) concluding that James

Jones (Claimant) had compelling reason to terminate his employment[1] and granting him benefits.

Claimant was last employed by Top Oil as a truck driver until October 21, 1982, when he terminated his employment. The Board found that Claimant had obtained other employment on October 19, 1982, as a body and fender repairman to begin on October 25, 1982, that Claimant quit his job with Top Oil in order to accept that offer of employment, but that when Claimant reported to work on October 25, 1982, he was unable to work because the cars his employer anticipated Claimant would work on did not arrive. The Board reversed the referee and allowed benefits. This appeal followed.

Top Oil presents four issues on appeal. It first argues that Claimant's Petition for Appeal from the referee's determination was untimely filed. In its brief, Top Oil makes confusing reference to the appeal date and the mailing date both of which are indicated as part of the referee's decision as support for its argument. The appeal date indicates the date on which the Claimant filed an appeal from the initial Office of Employment Security determination. The mailing date indicates the date on which the referee's decision was mailed to both parties; they are advised an appeal must be filed within fifteen days of that date or the referee's decision will become final.[2] The mailing date of the referee's decision to deny Claimant benefits was January 7, 1983. The last day to file this appeal was January 22, 1983, which was a Saturday. The appeal period was automatically extended to the

---

[1] Section 402(b) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

[2] Section 502 of the Unemployment Compensation Law, 43 P.S. §822.

next business day,[3] which was Monday, January 24, 1983. The Claimant filed a timely appeal from the referee's decision on January 24, 1983.

Top Oil next argues that it should have been afforded an opportunity to present evidence and cross-examine witnesses before the Board even though the referee gave Top Oil the opportunity to cross-examine and to present evidence. In fact, the referee asked Top Oil's representative twice whether he had any further questions to ask Claimant.

The Board did not abuse its discretion by failing to take additional evidence before reversing the referee. *See Oliver v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 98, 450 A. 2d 287 (1982). As long as the employer was allowed full opportunity at a hearing to present evidence on the issue before the Board, there is no denial of due process. *Gould v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 554, 466 A.2d 750 (1983). Our Court has on numerous occasions heard and rejected the argument that the Board may not reverse the referee without taking additional evidence.[4] *See Kustafik v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 622, 462 A.2d 947 (1983).

Top Oil argues finally that the Board's findings of fact are not supported by the evidence and that the Board erred as a matter of law when it concluded Claimant was eligible under Section 402(b) of the Law,

---

[3] Section 1908 of the Statutory Construction Act of 1971, 1 Pa. C. S. §1908.

[4] *But cf. Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982), wherein the Pennsylvania Supreme Court ruled that the Board cannot disregard the findings of the referee based upon a record containing the consistent and uncontradicted testimony of one witness without giving its reasons for doing so.

43 P.S. §802(b), to receive benefits. The duty of appellate courts is to examine the testimony in the light most favorable to the party in whose favor the fact finder has ruled, giving that party the benefit of all logical and reasonable inferences from the testimony, to see if substantial evidence exists to support the ruling. *Penn Hills School District v. Unemployment Compensation Board of Review,* 496 Pa. 620, 437 A.2d 1213 (1981).

We have reviewed the record and have concluded there is substantial evidence to support the Board's findings that Claimant terminated his employment with Top Oil to accept another offer of employment as a body and fender repairman but was unable to work because there were not cars in the garage. Though Top Oil's witness presented testimony to the contrary, the Board found Claimant's testimony more credible and the Board is the ultimate arbiter of credibility. *Wetzel v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977).

It is well-settled that although the mere possibility of obtaining another job is insufficient to establish that employment was terminated for good cause, the receipt and acceptance of a firm offer of employment does constitute compelling cause for termination of employment. *Township of North Huntingdon v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 187, 450 A.2d 768 (1982); *Steinberg v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 294, 383 A.2d 1284 (1978).

The findings, supported by substantial evidence, are consistent with the Board's conclusion which is supported by the established case law. Therefore, the Board's decision and order will be affirmed.

ORDER

Now, March 22, 1985, the order of the Unemployment Compensation Board of Review, No. B-215273, dated February 25, 1983, is affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.