728 P.2d 394

**Lewis P. SCHAFER, SSA 518 36 8355, Claimant-Respondent,**

v.

**ADA COUNTY ASSESSOR, Employer, Appellant,**

and

**State of Idaho, Department of Employment, Respondent.**

No. 16135.

Supreme Court of Idaho.

Sept. 22, 1986.

Rehearing Denied Oct. 24, 1986.

Greg H. Bower, Boise, and Theodore E. Argyle (argued), Boise, for appellant.

Jim Jones, Atty. Gen. and Evelyn Thomas, Deputy Atty. Gen. (D.O.E.), State of Idaho, Boise, for respondent.

HUNTLEY, Justice.

The issue before this court is whether the Commission erred in concluding that an employee who has resigned voluntarily, believing he has a firm job offer from another employer, has left his employment voluntarily with "good cause," as is required under the personal eligibility conditions of the Employment Security Act.

Under Idaho's Employment Security Act, a benefit claimant is eligible for unemployment compensation provided "his unemployment is not due to the fact that he left his employment voluntarily without good cause, or that he was discharged for misconduct in connection with his employment." I.C. 72–1366(f).

Lewis Schafer (Claimant) was employed by the Ada County Assessor (Ada County) from 1968 until October 29, 1984. In 1983, Schafer, while employed with Ada County, met with George Britton of the Spokane County Assessor's office (Spokane County) in person, and had several telephone conversations with him in an attempt to persuade Spokane County to adopt his computerized appraisal system and to discuss potential employment with Spokane County.

Britton later informed Schafer, in a letter dated August 22, 1984, that the position Schafer was interested in had been approved, that there may be competition for the position, and that it would be filled October 1, 1984. (The date for filling the position was later moved to November 1st.)

Schafer had several telephone conversations with Britton after receiving the letter which led him to believe that the advertisement would be a mere formality, that Britton would make the ultimate hiring decision, and that Schafer was virtually assured of the position.

Schafer, acting under this belief, informed the Assessor and other employees in the office that he would be leaving to accept a position with Spokane County. Schafer then listed his home with a real estate agency. On October 1st Schafer submitted a written letter of resignation, effective October 29th.

Schafer, when he did not receive a call confirming employment with Spokane County during the last week of October,

attempted to contact Britton. Schafer was unable to contact Britton until November 1st, at which time he learned that some delays had occurred in establishing the position. At this time Schafer was asked to submit an official application and an updated resume.

Later in November, Britton asked Schafer to travel to Spokane for an interview. At the interview, Schafer was told that he would not be hired.

In January 1985, Schafer filed a claim for unemployment insurance benefits. The Department of Employment issued a determination dated February 6th, concluding that Schafer had failed to establish good cause for voluntarily leaving employment and that he was, therefore, ineligible for unemployment benefits. Schafer appealed, resulting in the Appeals Examiner of the Idaho Department of Employment finding that the reasons advanced by Schafer for abandoning his employment justified a determination that he voluntarily quit with good cause, and that he was, therefore, entitled to unemployment benefits.

Ada County appealed the determination of the Appeals Examiner to the Industrial Commission, which assigned the case to referee Robert C. Youngstrom for hearing.

The Industrial Commission adopted the Findings of Fact, Conclusions of Law, and Order of the Referee, which upheld the decision of the Appeals Examiner, and this appeal followed.

Findings of fact supported by substantial and competent, though conflicting, evidence will not be disturbed on appeal. Idaho Const. art. V, sec. 9; *Roll v. City of Middleton,* 105 Idaho 22, 665 P.2d 721 (1983); *Ellis v. Northwest Fruit & Produce,* 103 Idaho 821, 654 P.2d 914 (1982); *Rogers v. Trim House,* 99 Idaho 746, 588 P.2d 945 (1979).

The Commission found that: 1) Schafer was given to understand that there would be no problem in obtaining employment with Spokane County; 2) Schafer had a bonafide and reasonable belief that he had secured a position with Spokane County; 3) Schafer resigned because he believed that he had been hired by Spokane County; and 4) although there was conflicting evidence, Schafer was a credible witness who had acted reasonably and in good faith in terminating his employment with Ada County.

Since there is substantial evidence in the record which indicates that Schafer reasonably believed that he had secured employment with Spokane County and that he resigned in reliance on this belief, this court, on appeal, will not disturb the findings of the Commission.

The guidelines for determining "good cause" are necessarily general and a determination of "good cause" depends primarily upon the particular facts of a case. *Berger v. Nez Perce Sheriff,* 105 Idaho 555, 671 P.2d 468 (1983); *Saulls v. Employment Security Agency,* 85 Idaho 212, 377 P.2d 789 (1963). Whether "good cause" is present depends upon whether a reasonable person would consider the circumstances resulting in the claimant's unemployment to be real, substantial, and compelling. *Meyer v. Skyline Mobile Homes,* 99 Idaho 754, 589 P.2d 89 (1979); *Fong v. Jerome School District #261,* 101 Idaho 219, 611 P.2d 1004 (1979). "... [T]he circumstances which compel the decision to leave employment must be real, not imaginary, substantial, not trifling, and reasonable, not whimsical; *there must be some compulsion produced by extraneous and necessitous circumstances.* The standard of what constitutes good cause is the standard of reasonableness as applied to the average man or woman." *Burroughs v. Employment Security Agency,* 86 Idaho 412, 414, 387 P.2d 473, 474 (1963) (quoting 81 C.J.S. Social Security and Public Welfare § 167, pp. 253, 254.) (emphasis added).

The Commission found, *inter alia,* that Schafer had a bonafide and reasonable belief that he had secured a position with Spokane County and that Schafer was a credible witness who had acted reasonably and in good faith in terminating his employment with Ada County.

The receipt and acceptance of a firm offer of employment constitutes compelling cause for the termination of employment. *Top Oil Co. v. Com., Unemployment Comp. Bd.,* 488 A.2d 1209 (Pa.Cmwlth. 1985).

Although there is substantial and competent evidence supporting the Commission's findings, this court must further decide, as a matter of law, whether "good cause," in the context of I.C. 72–1366(f), requires that the reason(s) for a claimant's unemployment be connected with his prior employment or conditions of employment, as urged by Ada County.

Prior to 1947, Idaho law provided that a claimant was eligible for unemployment insurance benefits while unemployed, as long as "[h]is unemployment [was] not due to the fact that he left his last employment voluntarily *without good cause connected with his employment* ..." I.C.A. 43–2408(e) (emphasis added). Significantly, the words "connected with his employment" were removed by legislative amendment in 1947. There is a presumption that once a statute is amended, the legislature intended it to have a meaning different from that accorded it before the amendment. *Lincoln County v. Fidelity and Deposit Co. of Maryland,* 102 Idaho 489, 632 P.2d 678 (1981); *Intermountain Health Care, Inc. v. Bd. of Cty. Com'rs.,* 107 Idaho 248, 688 P.2d 260 (Idaho App. 1984) (rev'd on other grounds, 109 Idaho 299, 707 P.2d 410 (1985); *see also John Morrell & Co. v. Unemployment Compensation Com.,* 13 N.W.2d 498 (S.D.1944) (a change in a statute is indicative of legislative intent).

In *Curran v. Levine,* 41 N.Y.2d 856, 393 N.Y.S.2d 709, 362 N.E.2d 260 (Ct.App. 1977), under facts nearly identical to the case at hand, the claimant had met with a prospective employer and believed that she had been offered a job, even though a precise salary had not been fixed. The court in *Curran* held that an employee who resigned after believing that she had been offered a definite job had left employment voluntarily with "good cause" and

was, therefore, eligible for unemployment compensation.

Other cases holding that reasons not related to one's employment or conditions of employment may constitute "good cause" for terminating employment are: *Gutierrez v. Employment Div.,* 693 P.2d 1344 (Or.App.1985); *Sothras v. Employment Div.,* 616 P.2d 524 (Or.App.1980); *Mee's Bakery, Inc. v. Unemployment Compensation Board of Review,* 56 A.2d 386, (Pa. Super.1948).

Since I.C. 72–1366 (Personal Eligibility Conditions) no longer requires that good cause be connected with one's employment, this court will not re-insert such a clause.

Accordingly, the decision of the Industrial Commission is affirmed.

Costs to respondent. No attorney fees awarded.

DONALDSON, C.J., and BISTLINE, J., concur.

SHEPARD, Justice, dissenting.

The facts before the Commission were not in any substantial dispute. Simply stated, claimant had worked for the assessor's office for some time and was totally satisfied with that employment. The record does not contain even an inference, much less evidence, that claimant was compelled to leave that employment. Claimant makes no such assertion. Nevertheless, claimant voluntarily terminated his employment, believing he had secured more desirable employment in Spokane where he desired to live.

Hence, the only obligation of the Commission was to apply the pertinent law to those facts. The Commission departed from 40 years of law as established by this Court and held that claimant's belief that he had secured other employment constituted "good cause" for voluntarily terminating his employment with the assessor's office and was hence entitled to unemployment compensation benefits. This Court also departs from all its previous decisions in this area of the law, evidently but not expressly relying upon the dissent of Bist-

line and Huntley, J.J., in *Carlson v. Center for Resources for Independent People*, 109 Idaho 1053, 712 P.2d 1161 (1984).

This Court has continually held that "good cause" for voluntarily terminating employment within the purview of our statute does not extend to purely personal and subjective reasons which are unique to the employee. *McMunn v. Department of Public Lands*, 94 Idaho 493, 491 P.2d 1265 (1971); *Clark v. Bogus Basin Recreation Association*, 91 Idaho 916, 435 P.2d 256 (1967); *Boodry v. Eddy Bakeries Company*, 88 Idaho 165, 397 P.2d 256 (1964). As late as 1983 this Court, in *Berger v. Nez Perce Sheriff*, 105 Idaho 355, 671 P.2d 468, in an opinion by Huntley, J., held that when claimant and her husband were told that the nepotism policy in the sheriff's department would prohibit their employment, and they both resigned, such did not constitute good cause in the purview of the statute to justify their voluntary termination of employment and hence unemployment compensation benefits were denied.

Today the majority departs from the Court's long-established rule that "good cause" for voluntarily terminating employment within the purview of our statute cannot include purely personal and subjective reasons. The Court in the past has obviously believed that broadening the scope of "good cause" to include matters outside the scope of employment would place upon the Commission and this Court an impossible burden of establishing a standard for "good cause." Hence, the Court in *Carlson, supra*, held that claimant's need to move to California to keep her family together did not constitute good cause for a voluntary termination; in *Pyeatt v. Idaho State University*, 98 Idaho 424, 565 P.2d 1381 (1977), the Court held that claimant's need to move to Boise to maintain her family unit and avoid divorce did not constitute good cause for voluntary termination; in *Clark* the Court held that motion sickness of the claimant while riding in employer's transportation to and from work constituted purely personal and subjective reasons which were unique to the employee and hence were not good

cause within the purview of our statute for voluntary termination of employment; in *McMunn, supra*, the Court held that claimant's dissatisfaction in living in a barracks atmosphere away from any town was a personal and subjective reason unique to the employee and hence did not constitute good cause for voluntary termination of employment.

In *Pyeatt, supra*, the Court stated: "Her employment was terminated by her own free act for causes over which her employer obviously had no control and which had nothing to do with the conditions of her employment. They were purely personal and subjective reasons which were unique to the employee."

The statutory change in 1947 upon which the majority purports to base its rationale was obviously in place at the time of all of the above decisions of this Court. Nevertheless, the Court has continuously held that good cause for voluntary termination so as to permit the award of unemployment benefits must contemplate more than personal and subjective reasons unique to the employee.

In 1935 in enacting Idaho's Employment Security Law the legislature declared the public policy in I.C. § 72–1302:

> As a guide to the interpretation and application of this Act, the public policy of this state is declared to be as follows: economic insecurity due to unemployment is a serious menace to the health morals and welfare of the people of this state. Involuntary unemployment is therefore a subject of national and state interest.... The achievement of social security requires protection against this greatest hazard of our economic life. This can be provided by encouraging employers to provide more stable employment and by the systematic accumulation of funds ... to provide benefits.

Clearly, the legislature was considering *involuntary* unemployment and to provide for stability of employment. In my view the interpretation of the majority in the instant case runs directly contrary to the

874

policy enunciated by the legislature. It will rather encourage voluntary termination of employment and bring about instability of employment. The result today can hardly be said to encourage employers to provide more stable employment.

As stated in *Smith v. Department of Employment*, 100 Idaho 520, 602 P.2d 18 (1979):

> Statutes should be interpreted to mean what the legislature intended them to mean and to accomplish what the legislature sought to achieve by their passage. "Moreover, enactments of the legislature are to be interpreted to accord with common sense and reason." *State ex rel. Newsom v. Alarid*, 90 N.M. 790, 794, 568 P.2d 1236, 1240 (1977). When the language of a statute is ambiguous, we must consider the social and economic results which would be effectuated by a decision on the meaning of the statute. *Herndon v. West*, 87 Idaho 335, 393 P.2d 35 (1964). Policy grounds and reasonableness may also be utilized to determine the meaning of the statute. *Summers v. Dooley*, 94 Idaho 87, 481 P.2d 318 (1971).
>
> > "We are entitled to, and must look to the intention of the legislature as gathered from the whole act, and when a literal reading of a provision will work an unreasonable or absurd result, if a reasonable intent of the legislature can be arrived at, the court should so construe the act to arrive at such intention rather than an absurdity." *Smallwood v. Jeter*, 42 Idaho 169, 244 P. 149, 153 (1926).

Until today the Commission has been guided by the decisions of this Court in applying the law regarding good cause for voluntarily terminating employment to the facts in any given case, *i.e.*, that the cause should be related to the employment and could not merely constitute personal and subjective reasons unique to the employee. Following today's decision the Commission will be free to apply some unknown standard involving the personal and subjective feelings, motivation, or desires unique to the particular employee/claimant. I see no limit to the situations in which the Commission may award benefits, and suggest that such a state of affairs will be completely at odds with, and contrary to, the intent of the legislature in enacting our employment security scheme. The Court today overrules innumerable cases either without understanding it does so, or without caring it does so.

Claimant was not discharged from his employment. He did not terminate his employment because of any dissatisfaction with his job or because of the conditions of employment. He voluntarily quit because he wanted another job in another location, reasons which were subjective, personal and unique to the employee.

I would reverse the decision of the Commission.

BAKES, J., concurs.