853 P.2d 576

James A. GARNER, Claimant–Respondent,

v.

HORKLEY OIL, Employer–Respondent,

and

State of Idaho, Department of Employment, Appellant.

Chris D. HADLEY, Claimant–Respondent,

v.

Roger CARNEY, Employer–Respondent,

and

State of Idaho, Department of Employment, Appellant.

Nos. 19676, 19677.

Supreme Court of Idaho, Boise, February 1993 Term.

May 18, 1993.

Larry EchoHawk, Atty. Gen., and John C. Hummel, Deputy Atty. Gen., Boise, for appellant.

Hoopes & Thompson, Rexburg, for respondent Horkley Oil.

James A. Garner and Roger Carney, pro se.

Bob Brown, Hayden Lake, for respondent Hadley.

McDEVITT, Chief Justice.

Claimants James A. Garner ("Garner") and Chris D. Hadley ("Hadley") applied for unemployment benefits after each had voluntarily quit his previous employment to accept offers of new employment which proved unsuccessful. Garner quit his part-time work as a truck driver with Horkley Oil to accept a full-time position as a salesman for Anderson Lumber Company. Garner became partially unemployed after three months with Anderson Lumber due to a slow down. Hadley quit work as a house framing laborer for Roger Carney after he received an offer of employment from Y–J Foods for work as a butcher. Hadley's offer was later rescinded.

Although both claimants were initially determined to be ineligible for benefits, the appeals examiner reversed that determination, finding that each claimant had satisfied the requirements of IDAPA 09.30.483 and 09.30.484, and thus were entitled to benefits.[1]

Both Horkley Oil and Roger Carney protested the appeals examiner's decisions to the Commission, which reversed the decision of the appeals examiner in both cases. The Commission determined that IDAPA 09.30.484 was inconsistent with I.C. § 72–1366(e),[2] and therefore, the appeals examiner's conclusion that Garner and Hadley had met their burdens of proving they quit their jobs with good cause in connection with their employment, as required by I.C. § 72–1366(e), was incorrect.

In support of its decision, the Commission relied on Schafer v. Ada County Assessor, 111 Idaho 870, 728 P.2d 394 (1986), which held that a county employee, who resigned his job voluntarily because he thought he had a firm job offer from another employer, left his job with "good cause." At the time Schafer was decided, the words "connected with his employment" were not part of the definition of "good cause." However, a few months after Schafer was decided, I.C. § 72–1366(e) was amended to require that a claimant show that such individual "left his employment voluntarily [with] good cause connected with his employment." Based on this history of the law the Commission concluded the following:

The Commission concludes that the legislature intended, in amending the statute to again require that "good cause" be "connected with" an individual's "employment," to disallow benefits where an employee quit only because he or she intended to take another job. The fact that such a job would meet the requirements of [IDAPA 09.30.484] is irrelevant. The employee's decision to quit his or her employment in order to take a "better" job is subjective, personal and unique to the employee and is not "connected with" the individual's prior employment. Because [IDAPA 09.30.484] contravenes I.C. § 72–1366(e), it cannot stand.

Following the Commission's decisions, the Department filed a motion to reconsider both cases. The Commission issued a

1. **IDAPA § 09.30.483**—For purposes of Idaho Code § 72–1366(e), to be connected with employment, a claimant's reason(s) for leaving the employment must arise from the working conditions, job tasks, or employment agreement. If the claimant's reason(s) for leaving the employment arise from personal/non job-related matters, the reasons are not connected with the claimant's employment.

   **IDAPA § 09.30.484**—In addition to satisfying the requirements of Rule 30.483, a claimant who quits suitable work to accept other suitable work must prove both of the following in order to establish that the claimant quit with good cause in connection with employment:

   (1) That the claimant had a good faith and reasonable belief that the claimant had a definite job offer, that the job was expected to begin immediately or in the shortest reasonable time, and the job would be a continuing one; and

   (2) That after comparing the old job (and all reasonable alternatives available with that employer) to the offer of the new job, the new job would provide better compensation or other more favorable term(s) of employment, to such a degree that a reasonable and prudent person would feel compelled to leave the old job and accept the offer of the new job.

2. **I.C. § 72–1366—PERSONAL ELIGIBILITY CONDITIONS.** The personal eligibility conditions of a benefit claimant are that—

   (e) His unemployment is not due to the fact that he left his employment voluntarily without good cause connected with his employment, or that he was discharged for misconduct in connection with his employment.

consolidated "Order on Reconsideration" which affirmed its previous decision that both Garner and Hadley left work for personal reasons unconnected with their employment. The Commission also reaffirmed its ruling that IDAPA 09.30.484 was invalid, finding the Department's interpretation of I.C. § 72–1366(e) to be unreasonable. This appeal followed.

■ We are asked to determine whether the Commission erred in its determination that IDAPA 09.30.484 contravenes I.C. § 72–1366(e) and is therefore invalid. Regarding our standard of review, the Commission's determination is one of law which this Court may freely reverse if it finds the Commission's determination to be erroneous. Idaho Const. art. 5, § 9; *Hewson v. Asker's Thrift Shop,* 120 Idaho 164, 166, 814 P.2d 424, 426 (1991) ("The Court is not bound by conclusions of law drawn by the Industrial Commission; an order of the Commission must be set aside where the law is misapplied to the evidence.").

■ In *J.R. Simplot Co. v. Tax Com'n,* 120 Idaho 849, 820 P.2d 1206 (1991), this Court adopted a four prong test for determining the appropriate level of deference to be given to an agency's construction of a statute. This four prong test states that an agency's construction of a statute will be given great weight if: (1) the agency has been entrusted with the responsibility to administer the statute at issue; (2) the agency's construction of the statute is reasonable; (3) the statutory language at issue does not expressly treat the precise question at issue; and (4) any of the rationales underlying the rule of deference are present. *See* 120 Idaho at 862, 820 P.2d at 1219. The soundness of IDAPA 09.30.484 rests on this analysis.

■ While it is undisputed that the Department has been entrusted to administer the Employment Security Act and can adopt regulations as necessary for the proper administration of the act, I.C. §§ 72–1331, 72–1333, the reasonableness of the Department's interpretation of I.C. § 72–1366(e) through its adoption of IDAPA 09.30.484 has been questioned. As noted above, the Commission found IDAPA 09.30.484 unreasonable in light of this Court's decision in *Schafer v. Ada County Assessor,* 111 Idaho 870, 728 P.2d 394 (1986). The *Schafer* Court held that the phrase "connected with his employment" was not required in a determination of good cause because the phrase was removed from the statute in 1947. However, the Commission determined that the amendment to I.C. § 72–1366(e), which reinserted the phrase, was intended to overrule the *Schafer* decision, stating: "With the 1987 amendment we have now come full circle. Following the dictates of the *Schafer* court, the Commission will not now adhere to a regulation which effectively deletes the very clause the legislature added!"

At the heart of the Commission's decision is the long standing rule that "good cause" for voluntarily terminating employment cannot be based on reasons which are subjective and personal to the employee. *Berger v. Nez Perce Sheriff,* 105 Idaho 555, 671 P.2d 468 (1983); *Flynn v. Amfac Foods, Inc.,* 97 Idaho 768, 554 P.2d 946 (1976); *McMunn v. Department of Public Lands,* 94 Idaho 493, 491 P.2d 1265 (1971). The Commission determined that an employee's decision to quit his or her employment in order to take a better job is subjective, personal and unique to the employee and is not "connected with" the individual's prior employment. Thus, the Commission determined that whether or not an employee could meet the requirements of IDAPA 09.30.484 is irrelevant.

However, *Schafer* did not hold that quitting employment for other employment is never a personal decision. Rather, *Schafer* merely held that I.C. § 72–1366(e) at that time did not require that good cause be "connected with" an individuals employment. Although the 1987 amendment to the statute would now require such a finding, the issue of whether or not it is always a personal decision to leave one job for another was not before the Court in *Schafer.* Therefore, any legislation subsequent to that decision cannot be interpreted as overruling such a holding.

Furthermore, IDAPA 09.30.484 incorporates IDAPA 09.30.483 which states:

For purposes of Idaho Code § 72–1366(e), to be connected with employment, a claimant's reason(s) for leaving the employment must arise from the working conditions, job tasks, or employment agreement. If the claimant's reason(s) for leaving the employment arise from personal/non job-related matters, the reasons are not connected with the claimant's employment.

In light of IDAPA 09.30.483, the Commission's conclusion that IDAPA 09.30.484 effectively deletes the phrase "connected with his employment" is unfounded. IDAPA 09.30.484, when combined with IDAPA 09.30.483, is completely consistent with I.C. § 72–1366(e). Therefore we find that IDAPA 09.30.484 is a reasonable interpretation of I.C. § 72–1366(e), satisfying the second prong of the *Simplot* analysis.

Similarly, we find that the third prong of the *Simplot* test is satisfied in this case. I.C. § 72–1366(e) does not expressly answer the question of whether or not "good cause connected with his employment" exists when an employee leaves one job for a better job. IDAPA 09.30.484 addresses this ambiguity.

Finally, we believe that judicial deference is justified in this case.[3] IDAPA 09.30.484 provides a practical and reasonable guideline to determine "good cause in connection with employment" for situations when an employee leaves one job for another. Most importantly, as we determined above, IDAPA 09.30.484 is consistent with the long standing rules regarding good cause and the need to avoid subjective and personal reasons in establishing good cause. Accordingly, we hold that IDAPA 09.30.484 is valid and entitled to deference.

However, the primary policy in the act is still to prevent "involuntary" unemployment, not to encourage the voluntary upgrading of employment. In this respect, IDAPA 09.30.483 requires the claimant to prove that the leaving of his employment must arise from "working conditions, job tasks or employment agreement." The requirements of IDAPA 90.30.484 specifically state that they are "in addition to satisfying the requirements of regulation 483."

■ Once an appeal is taken to the Industrial Commission, it becomes the finder of fact and the entire case is before the Commission for a trial *de novo*. I.C. § 72–1368(g); *Steffen v. Davison, Copple et al.*, 120 Idaho 129, 814 P.2d 29 (1991); *Ortiz v. Armour & Company*, 100 Idaho 363, 597 P.2d 606 (1979). Accordingly, this case is remanded to the Commission for the making of the necessary findings of fact with regard to compliance with both I.C. § 72–1366(e) and IDAPA 09.30.483 and 09.30.484.

In this case there was no finding below that the claimants have complied with IDAPA 09.30.483. When the Commission adopted the findings of the appeals examiner, it expressly rejected the appeals examiner's conclusions at which stage most of the critical factual findings necessary for coverage were made. The Commission appears to have assumed that if an individual complied with IDAPA 09.30.484, then the Commission did not have to consider IDAPA 09.30.483. At least that rationale is implicit in its finding. On remand the Commission should consider the claimants' compliance with both IDAPA 09.30.483 and 09.30.484, and set out specifically whether the claimants' unemployment arise from "working conditions, job tasks or [the] employment agreement" which were sufficiently unreasonable, or unbearable, to justify the claimants' voluntary termination.

The order of the Commission is reversed, and the matter is remanded for further findings consistent herewith.

No costs on appeal.

**3.** In *Simplot,* this Court gave five rationales justifying judicial deference to an agency's interpretation of a statute. These rationales include situations when the agency's interpretation has been relied upon for a number of years; when the agency's interpretation represents a practical interpretation; when the statutory test has not been altered by the legislature in light of the interpretation, or when the interpretation is formulated contemporaneously with the enactment of the statute; and when the interpretation involves an area of expertise developed by the agency. *See* 120 Idaho at 858–859, 820 P.2d at 1215–1216.

BISTLINE, JOHNSON and TROUT, JJ. concur.

BAKES, J. Pro Tem., (following retirement on February 1, 1993), concurs.