938 P.2d 1225

**Roland CONRAD, Claimant–Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF EMPLOYMENT, Defendant–Respondent,**

**and**

**NACA Trucking Company, Interested Party.**

No. 22775.

Supreme Court of Idaho, Boise, March 1997 Term.

June 6, 1997.

188

Curtis N. Holmes, Pocatello, for claimant–appellant.

Alan G. Lance, Attorney General, Paul F. Kime, Deputy Attorney General, Boise, for defendant–respondent.

McDEVITT, Justice.

This case is an appeal from a claim for unemployment benefits. The appellant, Roland Conrad (Conrad), appeals the decision of the Industrial Commission (Commission) denying Conrad unemployment benefits.

## I.

## FACTS AND PRIOR PROCEEDINGS

The Commission (as did the initial hearing examiner and the appellate examiner) held

that Conrad left his job as a truck driver with NACA Trucking Company (NACA) in May, 1995, to go to work for Abbott Trucking (Abbott) as a truck driver for purely personal reasons. That is, that he did not like team driving.

The evidence is undisputed that at NACA Conrad received one-half of twenty-five cents per mile, plus a per diem of $0.0238 per mile.

At Abbott, Conrad was paid seventeen cents per mile, plus $32.00 per diem even if he had a layover and was unable to drive.

In each job, Conrad averaged approximately 800 miles per day (with NACA it was two individuals who averaged the total of 800 miles per day; at Abbott it was Conrad himself who averaged 800 miles per day).

Conrad earned approximately 41% more with his job with Abbott than he did at NACA.

In addition to leaving to earn more money, Conrad expressed dissatisfaction with the team members who had been provided to him and dissatisfaction with the health insurance coverage that he received while at NACA.

## II.

## ISSUES ON APPEAL

1. Whether Conrad left his job with NACA for reasonable employment related and not personal reasons.
2. Whether there was substantial and competent evidence to support the Commission's findings of fact relative to Conrad's pay.
3. Whether Conrad left his job to accept a new job in satisfaction of the Idaho Administrative Procedure Act (IDAPA) 09.01.30.476.05.
4. Whether Conrad is entitled to attorney's fees.

## III.

## SCOPE OF JUDICIAL REVIEW

It is well established that this Court's review of unemployment compensa-

tion cases is limited by the Idaho Constitution and prior decisions of this Court to reviewing only questions of law. Idaho Const. art. 5, § 9; *Jensen v. Siemsen*, 118 Idaho 1, 3, 794 P.2d 271, 273 (1990); *Puckett v. Idaho Dep't of Corrections*, 107 Idaho 1022, 1024, 695 P.2d 407, 409 (1985); *Parker v. St. Maries Plywood*, 101 Idaho 415, 419, 614 P.2d 955, 959 (1980); *Harris v. Green Tree, Inc.*, 100 Idaho 227, 228, 596 P.2d 99, 100 (1979); *Simmons v. Dep't of Employment*, 99 Idaho 290, 292, 581 P.2d 336, 338 (1978); *Booth v. City of Burley*, 99 Idaho 229, 232, 580 P.2d 75, 78 (1978). In addition, our review in cases involving factual disputes is restricted to determining whether findings of fact by the Commission are supported by substantial and competent evidence in the record. *Steffen v. Davison, Copple, Copple & Copple*, 120 Idaho 129, 131, 814 P.2d 29, 31 (1991); *Jensen*, 118 Idaho at 3, 794 P.2d at 273; *Burnside v. Gate City Steel Corp.*, 112 Idaho 1040, 1042, 739 P.2d 339, 341 (1987); *Ullrich v. Thorpe Elec.*, 109 Idaho 820, 823, 712 P.2d 521, 524 (1985); *Booth*, 99 Idaho at 232, 580 P.2d at 78. As this Court stated in *Booth*, we decline to "independently adopt findings of fact at variance with those of the Industrial Commission where such findings are supported by substantial and competent evidence in the record." *Id.* We have likewise held that where the factual findings of the Industrial Commission are sustained by substantial and competent, though conflicting evidence, they will not be reversed on appeal. *Jensen*, 118 Idaho at 3, 794 P.2d at 273; *Kyle v. Beco Corp.*, 109 Idaho 267, 270, 707 P.2d 378, 381 (1985); *Wood v. Quali–Dent Dental Clinics*, 107 Idaho 1020, 1021, 695 P.2d 405, 406 (1985); *Cornwell v. Kootenai County Sheriff*, 106 Idaho 823, 825, 683 P.2d 859, 861 (1984).

## IV.

## CONRAD LEFT HIS JOB WITH NACA

## FOR PERSONAL REASONS

█ Idaho Code § 72–1366(e) provides that to be eligible for unemployment benefits

unemployment must not be "due to the fact that he [or she] left his [or her] employment voluntarily without good cause connected with his [or her] employment...."

IDAPA 09.01.30.476.05 provides:

Quit to Accept New Job. In addition to satisfying the requirements of Rule 476.04.b., a claimant who quits suitable work to accept other suitable work must prove both of the following in order to establish that the claimant quit with good cause in connection with the employment:

(a) Quit for Definite Job Offer. That the claimant had a good faith and reasonable belief that the claimant had a definite job offer, that the job was expected to begin immediately or in the shortest reasonable time, and that the job would be a continuing one; and

(b) Quit for More Gainful Employment. That after comparing the old job (and all reasonable alternatives available with that employer) to the offer of the new job, the new job would provide better compensation or other more favorable term(s) of employment, to such a degree that a reasonable and prudent person would feel compelled to leave the old job and accept the offer of the new job.

In *Garner v. Horkley Oil*, 123 Idaho 831, 853 P.2d 576 (1993), this Court held that a provision similar to the current IDAPA 09.01.30.476.05 was a valid regulation entitled to deference. *Garner*, 123 Idaho at 834, 853 P.2d at 579. However, this Court also noted that "the primary policy in the [Employment Security Act] is still to prevent 'involuntary' unemployment, not to encourage the voluntary upgrading of employment." *Id.* In remanding to the Commission, this Court instructed the Commission to "consider the claimants' compliance with both IDAPA 09.30.483, [now IDAPA 09.01.30.476.04.b], and IDAPA 09.30.484, [now IDAPA 09.01.30.476.05], and set out specifically whether the claimants' unemployment arise from 'working conditions, job tasks or [the]

employment agreement' which were sufficiently unreasonable or unbearable, to justify the claimants' voluntary termination." *Id.* The clear implication is that IDAPA 09.01.30.476.04.b must be satisfied before proceeding to an IDAPA 09.01.30.476.05 analysis.

Here, Claimant testified that he left his job to accept a similar position with another employer for an increase in pay, and because he did not like sleeper team operations.

The Commission determined, based on the record before it, that Conrad left NACA employment for "purely personal and subjective" reasons.

We find there is substantial and competent, though conflicting, evidence to support the Commission's finding.

### V.

### CONCLUSION

We need not address the other issues on appeal. The Commission's order is affirmed. No fees or costs are awarded.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.