IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43317

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 764 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 4, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARK HOWARD PENDLETON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Order denying motion to suppress and judgment of conviction, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Mark Howard Pendleton appeals from his judgment of conviction entered upon the jury verdict finding him guilty of possession of a controlled substance, methamphetamine, and following his conditional guilty pleas to unlawful possession of a firearm and a persistent violator enhancement. Pendleton asserts the district court erred in denying his motion to suppress when it determined Pendleton could not demonstrate a reasonable expectation of privacy in a building where he worked unless he claimed the building was also his place of residence. Pendleton argues he had standing to challenge the search because he had a subjective expectation of privacy in his place of work that society is willing to recognize as reasonable. The State argues that Pendleton provided no evidence to establish his legitimate expectation of privacy in his workplace; although on appeal, Pendleton cites testimony from the preliminary hearing transcript to provide context, the preliminary hearing transcript was not before the trial court, and as a result, this Court cannot consider that evidence on review. As such, the State

1

contends the evidence presented to the district court at the suppression hearing was insufficient to show Pendleton had a reasonable expectation of privacy in the building. We hold Pendleton did not establish that he had a reasonable expectation of privacy in the building. Thus, we affirm the district court.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Pendleton with the following felonies: drug-trafficking in cocaine or a mixture of (28 grams or more but less than 200 grams), Idaho Code Section 37-2732B(a)(2)(A), possession of a controlled substance, methamphetamine, I.C. § 37-2732(c)(1), and unlawful possession of a firearm, I.C. § 18-3316(1). The State later filed, and the district court granted, a motion to dismiss the drug-trafficking in cocaine charge. Pendleton filed multiple motions to dismiss for a variety of reasons, which the district court denied. Pendleton also filed multiple motions to suppress "any and all evidence, testimony and/or information related to the investigation of the circumstances referenced in the probable cause statement in this case."

At the motion to suppress hearing, the district court heard testimony from Pendleton and made the following findings of fact: (1) Pendleton was employed by the owner of the building that was searched; (2) Pendleton worked at the building, but did not reside there; (3) Pendleton "had access to the tools which were there at the building to perform [his] job"; and (4) on the day of the search, Pendleton's job responsibilities were to secure the building and clean the outside of the building.

The district court explained to Pendleton:

[T]he question before the Court is whether or not the items that were retrieved at this residence should be suppressed.

The Court can't make a finding that they should be suppressed without some initial standing. And if you're claiming today that this is not your place of residence, then the Court simply, as [the State] correctly pointed out, cannot proceed any further.

The district court acknowledged that there is authority recognizing that one may have an expectation of privacy at a workplace. However, the district court denied Pendleton's motion to suppress, reasoning, "based upon the testimony that the Court has heard today, the Court can make no finding that there was any expectation of privacy established by [Pendleton] based upon [his] assertions."

2

After the denial of the motion to suppress, the State amended the information and charged Pendleton with a persistent violator sentencing enhancement, I.C. § 19-2514. Following a jury trial, Pendleton was convicted of possession of a controlled substance, methamphetamine. Pursuant to a plea agreement, Pendleton pleaded guilty to unlawful possession of a firearm and to a persistent violator sentencing enhancement. For possession of methamphetamine, the district court sentenced Pendleton to a unified sentence of ten years, with three years determinate, and for unlawful possession of a firearm, the district court imposed a unified sentence of five years, with three years determinate, to be served concurrently. Pendleton timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

On appeal, Pendleton argues the district court erred because it based its decision to deny Pendleton's motion to suppress on the State's legally incorrect argument that Pendleton could not have standing unless he claimed the building was his place of residence. Pendleton argues he had standing to challenge the search under *Mancusi v. DeForte*, 392 U.S. 364 (1968) because the building was his workplace. The State argues that Pendleton provided no evidence to establish his legitimate expectation of privacy in his workplace. This is because although on appeal Pendleton cites testimony from the preliminary hearing transcript, the preliminary hearing transcript was not before the trial court, and as a result, this Court cannot consider that evidence on review. Additionally, the State argues that although Pendleton testified he had a subjective

expectation of privacy in the building, under *Mancusi* he failed to provide sufficient evidence showing his expectation of privacy in the building was reasonable.

Although Pendleton contends that both constitutions were violated, he provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Pendleton's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999). Preliminarily, we note that this Court cannot rely on the preliminary transcript for purposes of review because it was not presented to the district court. *Flynn v. Amfac Foods, Inc.*, 97 Idaho 768, 769, 554 P.2d 946, 947 (1976) ("This Court can only consider the facts as contained in the record below and thus such new 'evidence' cannot be considered."). It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). As such, the only evidence before this Court for review is the evidence presented at the suppression hearing.

The Fourth Amendment requires that all searches and seizures be reasonable. *City of Indianapolis v. Edmond*, 531 U.S. 32, 37 (2000). A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971). A person challenging a search has the burden of showing that he or she had a legitimate expectation of privacy in the item or place searched. *State v. Pruss*, 145 Idaho 623, 626, 181 P.3d 1231, 1234 (2008). The United States Supreme Court has recognized that an employee may have a reasonable expectation of privacy in his or her workplace. *Mancusi*, 392 U.S. at 369.

A Fourth Amendment inquiry is two-part: (1) whether the defendant had a subjective expectation of privacy is a question of fact; and (2) whether that expectation is one society should recognize and protect is a question of law. *Pruss*, 145 Idaho at 626, 181 P.3d at 1234. An expectation of privacy is objectively reasonable when it is legitimate, justifiable, and one that society should both recognize and protect. *State v. Fancher*, 145 Idaho 832, 837, 186 P.3d 688, 693 (Ct. App. 2008). Such expectation of privacy must be more than a subjective expectation of not being discovered. *Rakas v. Illinois*, 439 U.S. 128, 143 n.12 (1978). The burden is on the defendant to prove the existence of a legitimate expectation of privacy. *Fancher*, 145 Idaho at 837, 186 P.3d at 693.

Pendleton asserts that he had a subjective expectation of privacy in the building because he testified, "I had tools at that building. I had certain responsibility to secure the building. I had access to the tools which were there at the building to perform my job. All those, I believe, are factual enough to prove that I had standing." Even accepting some subjective privacy expectation, the issue remains, however, whether Pendleton's expectation of privacy was objectively reasonable under the circumstances. In *Mancusi*, the United States Supreme Court found an employee has standing to object to a search of his office. *Mancusi*, 392 U.S. at 369. DeForte was a union official charged with misusing his office for coercion, extortion, and conspiracy. *Id.* at 365. He shared an office with several other union officials. *Id.* When DeForte refused to comply with a subpoena to produce union records, the state officials that served the subpoena searched the office and seized various records without a warrant. *Id.* The defendant was present for the search and had custody of the records at the moment they were seized. *Id.* at 369.

The *Mancusi* Court applied the expectation of privacy analysis established in *Katz v. United States*[1] to hold that DeForte had standing to object to the search on Fourth Amendment grounds. *Mancusi*, 392 U.S. at 368-69. Specifically, the Court found that Fourth Amendment protection applied in the workplace if the defendant had a "reasonable expectation of freedom from governmental intrusion" in the area invaded. *Mancusi*, 392 U.S. at 368. The evidence before the Court showed that the office where DeForte worked was one large room, which DeForte shared with other union officials. *Id.* The evidence also revealed that the records were seized from the office, but did not specifically indicate which part of the office the records were seized from. *Id.* The Court found that despite sharing the office with several others, the defendant maintained a reasonable expectation of privacy from governmental intrusion in the office. *Id.* at 369. The Court discussed that the defendant would clearly hold such an expectation if the office were private and the records were seized from a desk or filing cabinet, and went on to find that sharing the office did not "fundamentally" change the defendant's expectation of privacy. *Id.* Specifically, the defendant could "reasonably have expected that only those persons and their personal or business guests would enter the office, and the records would not be touched except with their permission or that of union higher-ups." *Id.*

---

[1] *Katz v. United States*, 389 U.S. 347 (1967).

Unlike the evidence in *Mancusi* which indicated the area searched was a shared office and that DeForte worked in that office, Pendleton established no evidence describing the layout of the building where his tools were kept, what evidence was seized, where inside the building the evidence was seized, or if he worked inside the building and if so, where. None of the evidence presented at the suppression hearing established Pendleton had access to any portion of the building's interior. The only facts Pendleton presented at the suppression hearing were: (1) the place searched was a building; (2) Pendleton worked at the building and kept tools there; (3) Pendleton's job was to secure the building and clean up the outside of the building; and (4) Pendleton did not reside at the building. Based upon these facts, it was not reasonable for Pendleton to expect that only his personal or business invitees would enter the building as opposed to the owner's personal or business invitees. Pendleton testified his work was on the outside of the building; he provided no evidence that any of his work was conducted inside the building or that he, could in any way, limit who entered the building. Although Pendleton indicated he kept tools at the building, he provided no information regarding where those tools were stored. As it was Pendleton's burden to show a privacy interest in the place searched and because he failed to present evidence of a reasonable expectation of privacy in the building, the district court did not err when it denied Pendleton's motion to suppress.

## IV.

## CONCLUSION

Pendleton did not provide sufficient evidence to establish he had a reasonable expectation of privacy in the building. Therefore, the district court did not err when it denied Pendleton's motion to suppress because Pendleton did not have standing to challenge the search. We affirm the district court.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.