844 P.2d 687

**Colleen STEWART, Plaintiff–Appellant,**

v.

**Jeff RICE, Defendant–Respondent.**

**No. 19805.**

Supreme Court of Idaho,
Twin Falls, November 1982 Term.

Dec. 8, 1992.

Rehearing Denied Feb. 9, 1993.

Webb, Pedersen & Webb, Twin Falls, for appellant. Lloyd J. Webb, argued.

Benoit, Alexander, Sinclair, Doerr, Harwood & High, Twin Falls, for respondent. John A. Doerr, argued.

PER CURIAM:

This is the second appeal in this case. In the first appeal we affirmed all the actions of the trial court except the trial court's denial of the plaintiff's motion for a new trial based on I.R.C.P. 59(a)(5) because the trial court "did not weigh the evidence to determine what amount the trial court would have awarded the injured party and compare that amount to the jury's award." *Stewart v. Rice,* 120 Idaho 504, 505, 817 P.2d 170, 171 (1991). After remanding the case to the trial court for that purpose, the trial court reconsidered Stewart's motion for a new trial and then stated that the "court has weighed the evidence and arrived at a determination of the amount it would have awarded. The court finds that the amount it would have awarded is essentially the same as the amount the jury awarded in its verdict." Based on that, the trial court found that there was no disparity such as would shock the conscience or indicate that the jury was acting under the influence of passion or prejudice. The trial court then denied the motion for new trial.

The trial court having fully complied with our directions on remand, and having made a proper analysis of the 59(a)(5) standard as outlined in *Stewart I,* we find no error or abuse of discretion. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 803 P.2d 993 (1991).

The appellant's appeal does not contest the fact that the trial court made the proper analysis on remand, but reargues the facts of the case and complains that the trial court did not make evidentiary findings. The trial court's findings adequately complied with the law, and therefore we view the appeal as merely rearguing the facts which were decided in the first appeal. Accordingly, we award attorney fees to respondent under I.C. § 12–121. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979).

The judgment of the district court is affirmed. Costs and attorney fees to respondent on appeal.