869 P.2d 229

Carl **CURTIS**, Plaintiff–
Counterdefendant–
Appellant,

v.

Sandra **FIRTH**, Defendant–
Counterdefendant–
Respondent.

No. 20675.

Supreme Court of Idaho,
Boise, December 1993 Term.

Feb. 7, 1994.

Rehearing Denied March 9, 1994.

E. Lee Schlender, Hailey, for plaintiff-counterdefendant-appellant.

Givens, Pursley & Huntley, Boise, for defendant-counterdefendant-respondent.  Robert C. Huntley, Jr. argued.

TROUT, Justice.

The Court first heard an appeal in this case in April of 1992.  We affirmed the trial court's rulings on all issues other than Curtis' motion for a new trial on the issue of damages.  *Curtis v. Firth,* 123 Idaho 598, 611, 850 P.2d 749, 762 (1993) (*Curtis I* ).  On that issue we held that we "[did] not believe that the trial judge adequately discussed the findings necessary to make a ruling on the excessiveness of damages." *Curtis,* 123 Idaho at 608, 850 P.2d at 759.  This Court vacated the trial court's order denying Curtis' motion for a new trial on the issue of damages and remanded the cause for further

**230**

findings. *Curtis I*, 123 Idaho at 608, 850 P.2d at 759.

After briefing and argument by the parties on remand, the trial court issued supplemental findings of fact and conclusions of law, and held that "the prior order of [the trial court] denying a motion for new trial based on Curtis' contention that the jury award was excessive is hereby reaffirmed." On appeal, Curtis contends that the jury's award was clearly excessive and was not supported by the evidence.

 Whether to order a new trial on the issue of damages under I.R.C.P. 59(a)(5) is a subjective question that should be resolved "based on the trial court's belief concerning the inadequacy or excessiveness of the award after weighing the evidence." *Barnett v. Eagle Helicopters, Inc.*, 123 Idaho 361, 365, 848 P.2d 419, 423 (1993). This Court will not reverse an order granting or denying a motion for a new trial absent a showing that the court below manifestly abused its discretion when ruling on the motion. *Barnett*, 123 Idaho at 365, 848 P.2d at 423; *Pratton v. Gage*, 122 Idaho 848, 850, 840 P.2d 392, 394 (1992).

When ordering further findings in *Curtis I*, we reiterated the standard for considering Rule 59(a)(5) motions set forth in *Dinneen v. Finch*, 100 Idaho 620, 603 P.2d 575 (1979). Our holding in *Dinneen* directs that the trial court "*must* weigh the evidence and then compare the jury's award to what [the trial court] would have given had there been no jury." 100 Idaho at 625, 603 P.2d at 580.

 Prior to signing the written findings in this case, the trial court discussed the expert testimony presented regarding battered woman syndrome, noting that "the testimony ... concerning battered woman syndrome, it seems to the court, gives an adequate basis for the verdict as well as the actions of Mrs. Firth in this case on the basis of both physical and mental injury." The court went on to note that it "would have awarded essentially the same amount based upon the evidence that was presented during the course of the jury trial." In its supplemental findings of fact, the court also noted that "[t]he amount of damages awarded by the jury does not shock the conscience of the court and the disparity of the award of damages the court would have given and the award the jury gave is not sufficient to shock the conscience of the court."

The trial court clearly appreciated the nature of its discretion, properly exercised that discretion within the boundaries established in *Curtis I*, and appears to have reached its decision through an exercise of reason. We therefore find no error in the trial court's decision to deny Curtis' motion for a new trial on the issue of damages. *Cf. Stewart v. Rice*, 123 Idaho 58, 844 P.2d 687 (1992) (affirming court's order denying motion for new trial after remand for further findings).

The trial court's order denying a new trial on the issue of damages is affirmed. Costs on appeal to respondent. No attorney fees are awarded on appeal.

BISTLINE, JOHNSON and SILAK, JJ., and HART, District Judge Pro Tem., concur.