15 P.3d 329

**Kathlyn R. DENNIS, Claimant–Appellant,**

v.

**SCHOOL DISTRICT # 91, Employer and State Insurance Fund, Surety, Defendants–Respondents.**

No. 25888.

Supreme Court of Idaho,
Idaho Falls, September 2000 Term.

Dec. 7, 2000.

Hopkins, Roden, Crockett, Hansen & Hoopes, Idaho Falls, for appellant. Paul B. Rippel argued.

Anderson, Nelson, Hall & Smith, Idaho Falls, for respondents. Blake G. Hall argued.

WALTERS, Justice.

This is a worker's compensation case. The injured employee, Kathlyn Dennis, appeals from a decision by the Industrial Commission denying Dennis's request for an award of attorney fees in the proceeding before the Commission to determine Dennis's claim for disability compensation. This Court affirms.

## FACTS AND PROCEDURAL BACKGROUND

Kathlyn R. Dennis was employed in Idaho Falls by School District No. 91 beginning in 1983. She became a bus driver in 1986, mostly transporting physically and mentally challenged children. On February 10, 1994, Dennis was injured at work when she slipped on ice, landed hard on her buttocks and then fell back onto her shoulder and head. She experienced immediate pain in her head, back and down her legs. Dennis tried to keep working for a few days, but the pain impeded her from applying the brakes of the bus, and she was forced to stop work and seek medical attention.

Initially, Dennis received conservative medical treatment. An MRI performed in April of 1994 revealed that Dennis had ten disc protrusions or herniations in her spinal column and several degenerative changes or instability between other vertebrae. Dennis underwent lumbar surgery in July and November of 1994, and had an anterior disscectomy and interbody cervical fusion between two vertebrae in August 1995. The cervical surgery relieved much of the pain in Dennis's shoulder, but she continued to suffer neck and back pain, some dizziness, and numbness in her fingers.

Dennis's surgeon, Dr. Marano, did not rate Dennis's physical impairment and, even at the time of the disability hearing in October 1997, had not released Dennis to work. The employer's surety, State Insurance Fund (Surety), obtained an opinion from Dr. Knoebel, an independent medical expert. Dr. Knoebel rated Dennis's physical impairment at 18% in his report dated February 26, 1996, and determined Dennis's injury to be stable at that time. The Surety discontinued payments of compensation as of that date and began payment of the physical impairment to Dennis calculated upon a 19% rating.

Dennis filed a complaint for determination of her benefits with the Industrial Commission in January 1997. She requested a determination as to whether she had sustained disability in excess of impairment and whether the alleged disability was total and permanent pursuant to the odd-lot doctrine. By that time, she had been paid permanent partial impairment benefits of 19% (an overpayment of 1%) or $20,377.50, temporary total disability benefits in excess of $25,000.00, and medical benefits in excess of $116,000.00.

A rehabilitation consultant with the Industrial Commission, Terrisa Wyatt, opined that Dennis was employable in sedentary employment and identified a list of possible employment options. Wyatt did not identify any specific job or actual opening, and she closed her file on Dennis because Dennis was awaiting further information concerning her medical restrictions and the results of her application for Social Security benefits.

The Surety hired a vocational expert, William Jordan, to meet with and evaluate Dennis prior to the hearing before the referee. Jordan testified that Dennis was employable and could return to work. Jordan recommended that Dennis be restricted to lifting twenty pounds frequently, ten pounds constantly. Although Jordan determined that Dennis fit the definition of being severely disabled, with limitations regarding future employment and in her daily living activities, he enumerated several jobs that Dennis could pursue. He recognized that Dennis's pre-injury earnings resulted from only part-time employment, and he testified that Dennis suffered a 36% overall permanent disability, including impairment (which Jordan erroneous stated as 19%). Jordan's report was dated October 9, 1997, and was submitted by the Surety at the hearing to determine the extent of Dennis's permanent disability before the referee on October 23, 1997.

Adopting the findings and conclusions of the referee, the Commission found that Dennis was limited to sedentary work, that she was restricted to lifting no more than ten pounds occasionally and five pounds frequently, and to carrying less than five pounds occasionally. The Commission also found, relying on the testimony of the treating physician and surgeon, that Dennis was entirely precluded from reaching, climbing, squatting, pushing, pulling, or engaging in repetitive arm and shoulder movements. The Commission further found that Dennis was limited to rarely bending at the waist and rarely reaching forward within her

weight restrictions, which required Dennis to change positions frequently between sitting and standing. Finally, the Commission found that Dennis was limited to a driving time of one hour or less.

After reviewing the job descriptions that the experts indicated Dennis would qualify for, the Commission determined that those within her weight limitations all exceeded Dennis's restrictions with respect to reaching, standing and walking, and pushing and pulling. Other jobs identified for Dennis required frequent stooping and reaching and repetitive shoulder and arm work in excess of Dennis's restrictions. The Commission determined Jordan's report and opinion to be unpersuasive, and found the opinion of James Spooner (another vocational expert) concerning Dennis's employability to be based upon a more accurate perception and application of her medical restrictions. In a two-to-one decision, the Commission concluded that Dennis was permanently disabled pursuant to the odd-lot doctrine commencing February 21, 1996, the date fixed by Dr. Knoebel when Dennis's industrial injury was stabilized.

In its order, the Commission addressed the issue of attorney fees raised by Dennis. The Commission noted that Dennis sought the award based upon the employer and its surety's (Defendants') "denial of permanent disability in excess of impairment when Defendants' own expert witness, William Jordan, testified that [Dennis] suffers permanent disability totaling 36%, inclusive of permanent impairment, and [that] Defendants continue to withhold payment for permanent disability beyond 19% whole person." The Commission followed the referee's decision, holding that the "Defendants are not necessarily bound by the recommendation of their retained expert. However, when Defendants 'request [that] the Commission follow the findings of the medical care providers and the disability as described by William Jordan,' [citing Surety's brief], Defendants' failure to pay the difference between the 19% permanent impairment and 36% disability acknowledged by Jordan is unreasonable." The Commission concluded that Dennis had proven her entitlement to an award of attorney fees

under I.C. § 72–804 and ordered the amount of fees to be set.

The Defendants requested that the Commission reconsider its order with respect to the award of attorney fees. The Defendants objected to the award of fees, on the grounds that their challenge to Dennis's claim of total permanent disability was reasonable, and that they were being unduly penalized by the Commission for disputing the claim. The Defendants also maintained that the disability specified by their expert, Jordan, was speculation, or at best only a suggestion and was not an actual disability determination because such a determination was solely within the province of the Commission.

The Commission subsequently agreed with the Defendants' position and reversed its decision with regard to the award of attorney fees. Dennis filed a timely appeal from the order denying the award of fees on reconsideration.

## ISSUES ON APPEAL

The issues on appeal relate only to the Commission's ultimate denial of Dennis's request for an award of attorney fees. The issues asserted by Dennis are (1) whether the Commission committed error by reconsidering its decision when the Defendants presented no new evidence or information to support the reconsideration; and (2) for the purpose of determining whether Dennis was entitled to an award of attorney fees, was it unreasonable as a matter of law for the Defendants to fail to pay benefits that were indisputably owed? Dennis also seeks an award of attorney fees for this appeal.

## STANDARD OF REVIEW

The standard of review for appeals from the Industrial Commission is two-fold. Although this Court exercises free review over the Commission's legal conclusions, the Court will not disturb the Commission's factual findings that are supported by substantial and competent evidence. *Reiher v. American Fine Foods,* 126 Idaho 58, 878 P.2d 757 (1994). With regard to the Commission's legal conclusion declining to award attorney fees in this case, Idaho Code § 72–

804 defines the conditions under which an employer may be required in a worker's compensation proceeding to pay reasonable attorney fees in addition to the compensation provided by law. This statute contemplates an award of fees if the employer or its surety (1) contested an injured employee's claim without reasonable grounds; or (2) neglected or refused within a reasonable time to pay the compensation provided by law; or (3) without reasonable grounds discontinued payment of compensation justly due and owing to the employee. The decision that grounds exist or do not exist for awarding a claimant attorney fees is a factual determination that rests with the Industrial Commission, which will be upheld on appeal if the finding is supported by substantial, competent evidence. *Troutner v. Traffic Control Co.,* 97 Idaho 525, 547 P.2d 1130 (1976). Evidence is substantial and competent if a reasonable mind would accept the evidence as adequate and sufficient to support a conclusion. *Reiher v. American Fine Foods, supra.*

## DISCUSSION

### I. Motion for Reconsideration

■ We address first the question raised by Dennis as to whether the Commission erred by reconsidering its decision to allow an award of fees when the Defendants presented no new evidence or information to support a grant of the motion to reconsider. Dennis argues that although I.C. § 72–718 provides for reconsideration of the Commission's decision, the Commission should not have reweighed the evidence or have taken into account new arguments on the evidence presented, and then reverse itself without changing its findings of fact.

To the contrary, the respondents submit that it was proper for the Commission, upon further reflection, to reconsider its decision to award fees because of the chilling effect its initial decision would have upon the defense practice of hiring vocational experts to perform disability evaluations or to suggest a percentage of disability. They argued to the Commission that they would be unable to challenge the disability level advanced by a worker's compensation claimant. They

maintain that the procedure followed by the Commission upon reconsideration was appropriate because the motion for reconsideration asked the Commission to correct a mistake of law, not of a fact that would require the presentation of additional evidence.

■ We find the respondents' arguments persuasive. The authority for the Commission to reconsider one of its decisions is found in I.C. § 72–718. This statute provides a twenty-day period from the date a decision is filed, for the Commission on its own initiative, or upon the motion of a party, to undertake reconsideration or rehearing of the decision in question. It is well established that a reversal from its first decision to its decision upon reconsideration of the facts and applicable law does not exceed the authority of the Commission. *Kindred v. Amalgamated Sugar Co.,* 114 Idaho 284, 756 P.2d 401 (1988). The Commission has the authority to revisit and to correct an erroneous determination previously made, so long as the time frame set forth in I.C. 72–718 is adhered to. Accordingly, we hold that the Commission did not err in deciding to reconsider its initial determination that an award for fees should be made.

### II. Order on Reconsideration

■ We turn next to whether the Commission erred in reversing its original award of attorney fees upon granting the motion to reconsider. On reconsideration, the Commission made the following findings to support its decision revoking its earlier award of fees to Dennis:

On reconsideration of this issue, the Commission finds the facts of this case do not warrant an award of attorney's fees pursuant to Idaho Code § 72–804. The extent of Claimant's disability was clearly at issue, and the parties took widely varying positions on the issue of disability. Claimant presented evidence that she was unable to perform any work whatsoever. Defendants presented evidence that she could perform light duty tasks, and was not totally disabled. Defendants' final brief urged the Commission to award no

more than 36% permanent partial disability inclusive of impairment.

The evidence was conflicting. As a result, until the extent of the disability was finally resolved, the nature of the Defendants' position was merely an argument and not an admission of ultimate responsibility. Even though this Commission does find it concerning that the Defendants would not begin payment of disability benefits in accordance with their position, it is clear that the entire range of disability was noticed for the Commission to decide. We are, therefore, not inclined to punish Defendants under the circumstances of this case. Given that the parties' positions on disability were so far apart based on credible evidence, a Commission decision was necessary to resolve the dispute. Furthermore, the Commission encourages the thorough accumulation of credible evidence to assist in the decision-making process in difficult and highly contested cases.

In addition to the foregoing statements, the Commission specifically withdrew "those portions of the Findings of Fact and Conclusions of Law and Order issued on February 12, 1999 which conflict with this decision."

Dennis argues that the Commission used the wrong standard in resolving the attorney fee question by deciding that an award of fees would be punishment of the Defendants. Dennis also argues that the Commission's decision to deny fees is not based on substantial, competent evidence.

The standard for an award of fees, as noted previously, is set forth in I.C. § 72–804. Under that statute, if the Commission finds that the employer or surety contested a claim without reasonable grounds, neglected or refused to pay after a reasonable time the compensation provided by law, or discontinued payment of compensation justly due and owing without reasonable grounds, the Commission shall award fees in favor of the injured claimant. This Court has held that an award of attorney fees in a worker's compensation case must be deemed compensation to the injured employee and not as a penalty against the employer or surety. *Mayo v. Safeway Stores, Inc.,* 93 Idaho 161, 457 P.2d 400 (1969). The Commission's decision not to

"punish" the defendants in this case is consistent with *Mayo.* However, we disagree with Dennis that the avoidance of a penalty was the sole reason Commission finally decided not to make an award for fees. We will not presume that the Commission acted contrary to established principles, but rather we perceive that the Commission's decision was entirely consistent with the proper application of I.C. § 72–804.

Idaho Code section 72–804 applies only where unreasonable conduct appears. The Commission's decision on reconsideration of the fees issue followed the Defendants' arguments that the Surety's nonpayment of disability benefits was reasonable because no statute required the Surety to advance payment of disability benefits prior to an award of benefits by the Commission. On this appeal, the respondents support the Commission's decision by pointing out that their own expert testified that Dennis suffered a disability in excess of impairment of 17% which was the difference between the 19% rating based on Dr. Knoebel's examination and the 36% reported by the vocational expert, Jordan. The respondents maintain that their expert's opinion was not binding on the Commission and that the Commission could have determined the disability to be less than the amount stated by their expert. The respondents also argue that their expert's 17% disability assessment was reported only fourteen days prior to the disability hearing, and it is unlikely that payments could have been begun within those fourteen days. The respondents further assert that the calculations are different for permanent partial disability and total permanent disability, which could have resulted in an overpayment to Dennis. Finally, they urge that to require the Surety to pay before the Commission has decided the extent of disability would discourage Employers/Sureties from hiring vocational experts to suggest a percentage of disability because they would then be required to adhere to that percentage in their arguments to the Commission.

In sum, the respondents contend they reasonably challenged the disability asserted by Dennis and merely required Dennis to bear her burden of proving total permanent dis-

ability under the odd lot doctrine. We agree. The ground for the respondents' assertion of the reasonableness of their conduct is based upon substantial, competent evidence in the record of the proceeding before the Commission. We therefore uphold the Commission's ultimate decision determining that a basis for an award of attorney fees under I.C. § 72–804 did not exist.

### III. Attorney fees on Appeal

Finally, Dennis requests an award of attorney fees for bringing this appeal. Because she is not the prevailing party, the request is denied.

### CONCLUSION

The Industrial Commission did not err in reconsidering the prior award of attorney fees. There is substantial, competent evidence to support the Commission's decision that an award of attorney fees under I.C. § 72–804 should not be granted.

No fees on appeal are awarded. Costs are allowed to the respondents.

Chief Justice TROUT and Justices SILAK, SCHROEDER and KIDWELL concur.