63 P.3d 469

Nina M. EWINS, Claimant–Appellant,

v.

ALLIED SECURITY, Employer,

and

State of Idaho, Department of Labor, Respondent.

No. 28152.

Supreme Court of Idaho, Boise, December 2002 Term.

Jan. 28, 2003.

J.E. Sutton & Associates, Boise, for appellant. Michael B. Schwartzkopf argued.

Hon. Alan G. Lance, Attorney General; Evelyn Thomas, Deputy Attorney General, Boise, for respondent. Evelyn Thomas argued.

WALTERS, Justice.

This case comes before the Court following the Industrial Commission's denial of Nina Ewins' request for unemployment compensation benefits. Ewins left a position with Allied Security for a job with higher pay at Thornton Oliver Keller. Her new position ended after about a month. Thereafter, she applied for unemployment benefits. The Industrial Commission found that Ewins had voluntarily quit her job with Allied Security without good cause in connection with the employment and was not entitled to unemployment benefits. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Nina Ewins began working for Allied Security as a residential building consultant in August 2000. Beginning in January 2001, Ewins heard comments from various builders regarding the stability of Allied Security to properly complete a contracted job in a timely manner. These complaints, along with the economic slowdown, caused Ewins concern over the stability of her income and ability to provide for her family.

Ewins resigned from Allied Security in May 2001, after securing a job with Thornton Oliver Keller. After working about a month, Ewins' new position ended.[1] Ewins filed a claim for unemployment compensation.

The claims examiner concluded that Ewins had voluntarily quit her job with Allied Security without good cause in connection with the employment and, therefore, was not entitled to benefits pursuant to I.C. § 72–1366(5). Ewins protested the denial to the appeals examiner, who affirmed the claims examiner's decision. She then appealed to the Industrial Commission. The Industrial Commission conducted a *de novo* review pursuant to I.C. § 72–1368(7) and affirmed the denial of benefits by the appeals examiner. Ewins requested reconsideration of the Industrial Commission's decision. The Industrial Commission confirmed its prior decision. This appeal followed.

## ISSUES PRESENTED ON APPEAL

1.  Did the Industrial Commission misapply I.C. § 72–1366 when it denied Ewins' claim for unemployment benefits?

2.  Was there substantial and competent evidence in the record to support the Industrial Commission's findings that Ewins had voluntarily quit her employment with Allied Security without good cause connected with employment?

## STANDARD OF REVIEW

■ Idaho Code § 72–732 sets forth the standard of review to be applied in an appeal to the Supreme Court from a decision of the Industrial Commission. The Court may affirm or set aside the order or award, or may set it aside only upon any of the following grounds: (1) the commission's findings of fact are not based on any substantial competent evidence; (2) the commission has acted without jurisdiction or in excess of its powers; (3) the findings of fact, order or award were procured by fraud; (4) the findings of

---

1. The Industrial Commission found that Ewins' employment ended after a dispute over the terms of her employment with Thornton Oliver Keller. However, Ewins asserts that she was laid off by her new employer. There is nothing in the record concerning the cessation of her employment with Thornton Oliver Keller.

fact do not as a matter of law support the order or award.

■ This Court exercises free review over the Industrial Commission's legal conclusions. *Moore v. Melaleuca*, 137 Idaho 23, 26, 43 P.3d 782, 785 (2002). However, the Court will not disturb the Industrial Commission's factual findings that are supported by substantial and competent evidence. *Dennis v. School Dist. No. 91*, 135 Idaho 94, 15 P.3d 329, 331–32 (2000). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Jensen v. City of Pocatello*, 135 Idaho 406, 412, 18 P.3d 211, 217 (2000). "The substantial evidence rule requires a court to determine whether the agency's findings of fact are reasonable. In deciding whether the agency's findings of fact were reasonable, reviewing courts should not read only one side of the case and, if they find any evidence there, sustain the administrative action and ignore the record to the contrary." *Kirk v. Karcher Estates, Inc.*, 135 Idaho 230, 232, 16 P.3d 906, 908 (2000).

## DISCUSSION

**1. Did the Industrial Commission misapply I.C. § 72–1366 when it denied Ewins' claim for unemployment benefits?**

■ Ewins contends that the Industrial Commission misapplied § 72–1366 by focusing its attention on her departure from Allied Security rather than on her departure from Thornton Oliver Keller. Ewins argues it is inappropriate for the Industrial Commission to look at her employment with Allied Security because she was never unemployed between positions and, thus, there was no denial of benefits. By failing to focus on her layoff from Thornton Oliver Keller, Ewins asserts that the burden of proof was improperly placed upon her to show good cause in her separation with Allied Security.

The Respondent, Department of Labor, contends that the Industrial Commission properly applied I.C. 72–1366(5) and the relevant IDAPA provision in adjudicating Ewins' claim. The Respondent argues that under the statute and rule, if, at the time Ewins filed her claim, she had not earned the requisite amount from her employment, each prior separation is adjudicated until the requirement is met. The Respondent contends that this procedure allows for claimants to be treated fairly and consistently, no matter when they choose to file their claims. Further, the Respondent asserts that this procedure allows only claimants "who are unemployed through no fault of their own" to receive benefits.

Idaho Code § 72–1365 provides for the payment of unemployment benefits as follows:

(1) Benefits shall be paid from the employment security fund to any unemployed individual who is eligible for benefits as provided by section 72–1366, Idaho Code.

Idaho Code § 72–1366 provides, in relevant part:

The personal eligibility conditions of a benefit claimant are that:

(5) The claimant's unemployment is not due to the fact that he left his employment voluntarily without good cause connected with his employment, or that he was discharged for misconduct in connection with his employment.

. . .

(14) A claimant who has been found ineligible for benefits under the provisions of subsection (5), (6), (7) or (9) of this section shall reestablish his eligibility by having obtained bona fide work and received wages therefor in an amount of at least twelve (12) times his weekly benefit amount.

IDAPA 09.01.30.010.013 defines employment as "[f]or the purpose of the personal eligibility conditions of Section 72–1366(5), Idaho Code, 'employment' means that employment subsequent to which a claimant has not earned twelve (12) times his weekly benefit amount." The Department of Labor has been entrusted to administer the Employment Security Act and to adopt rules as it deems necessary for the proper administration of the act. I.C. §§ 72–1331, 72–1333(2); *Garner v. Horkley Oil*, 123 Idaho 831, 833, 853 P.2d 576, 578 (1993). If a claimant has not earned the requisite amount of benefit from the most recent employment, the De-

partment of Labor considers each prior separation until the requirement is satisfied.

The Industrial Commission determined that Ewins had not met the requisite twelve-week benefit amount from her employment with Thornton Oliver Keller, since she had only worked for the employer for about one month. The Industrial Commission then applied I.C. § 72–1366(5) and IDAPA 09.01.30.010.013 to Ewins' separation from Allied Security. Ewins met the statutory twelve-week benefit requirement with her employment at Allied Security. The Industrial Commission determined that Ewins had voluntarily terminated her employment with Allied Security without good cause and denied unemployment benefits pursuant to I.C. § 72–1366(5).

This Court holds that the Industrial Commission did not misapply I.C. § 72–1366 when it denied Ewins' claim for unemployment benefits.

**2. Was there substantial and competent evidence in the record to support the Industrial Commission's findings that Ewins had voluntarily quit her employment with Allied Security without good cause connected with employment?**

■ Ewins argues that she had good cause to terminate her employment with Allied Security because it was a start-up enterprise experiencing difficulties with quality control, and because Allied Security switched her compensation plan. Ewins contends that she sought other employment because she had serious concerns about her future ability to provide for her family while working for Allied Security. Ewins also asserts that she should not be required to show that the new position actually resulted in a higher pay and a higher level of long-term job security than her former position.

The Respondent contends that Ewins had the burden of proving she left Allied Security for good cause. The Respondent argues that the primary policy underlying the unemployment security provisions for benefits is to prevent involuntary employment rather than encouraging the voluntary upgrading of employment. The Respondent asserts that Ew-

ins must show that she left Allied Security for reasons arising from working conditions, job tasks or employment agreements, and that those reasons were sufficiently unreasonable or unbearable to justify her voluntary termination. The Respondent contends that Ewins cannot prove good cause or that her concerns substantially impacted her working conditions.

■ Whether a claimant voluntarily quit a job for good cause in connection with the employment is a question of fact to be determined by the Industrial Commission. *Teevan v. Office of Attorney Gen., Natural Res. Div., State of Idaho,* 130 Idaho 79, 82, 936 P.2d 1321, 1324 (1997). *See also Qualman v. State, Dept. of Employ.,* 129 Idaho 92, 95, 922 P.2d 389, 392 (1996); *Burnside v. Gate City Steel Corp.,* 112 Idaho 1040, 1042, 739 P.2d 339, 341 (1987). The claimant bears the burden of showing all of the eligibility requirements for unemployment benefits have been satisfied. *Id.*

Idaho Code § 72–1366(5) provides that a claimant is rendered ineligible for unemployment benefits if she voluntarily left her employment without good cause connected with her employment. I.C. § 72–1366(5); *Welch v. Cowles Publishing, Co.,* supra, at 363, 900 P.2d at 1373. If the termination is voluntary, the burden is on the claimant to prove that it was for good cause. I.C. § 72–1366(5); *Pyeatt v. Idaho State Univ.,* 98 Idaho 424, 565 P.2d 1381 (1977). Because the question of whether an employee had "good cause" to quit is a factual one to be determined on a case-by-case basis, the determination of the Commission will be upheld if supported by substantial competent evidence. *Ullrich v. Thorpe Elec.,* 109 Idaho 820, 823, 712 P.2d 521, 524 (1985).

*Moore v. Melaleuca, Inc.,* 137 Idaho 23, 28, 43 P.3d 782, 787 (2002).

In order to constitute good cause, the circumstances which compel the decision to leave employment must be real, not imaginary, substantial, not trifling, and reasonable, not whimsical; there must be some compulsion produced by extraneous and necessitous circumstances. The standard

of what constitutes good cause is the standard of reasonableness as applied to the average man or woman.

*Burroughs v. Employment Sec. Agency,* 86 Idaho 412, 414, 387 P.2d 473, 474 (1963). The cause must also be connected with her employment, "[t]o be connected with employment, a claimant's reason(s) for leaving the employment must arise from the working conditions, job tasks, or employment agreement. If the claimant's reason(s) for leaving the employment arise from personal/non job-related matters, the reasons are not connected with the claimant's employment." IDA-PA 09.01.30.450.02. A change of working conditions, such as a reduction in hours or wages, sometimes is sufficient for a finding of good cause to quit employment. *Beale v. State, Dept. of Employ.,* 131 Idaho 37, 45, 951 P.2d 1264, 1272 (1997). Further, the employee must explore all viable employment options before making the decision to quit. *Moore,* 137 Idaho at 28, 43 P.3d at 787.

Although Ewins was concerned with the stability of her employment with Allied Security, there is nothing in the record to show that her pay structure had been changed. The Industrial Commission found that Ewins "began seeking other employment without addressing those concerns or exploring other options regarding the complaints or salary base with other team members or company management personnel. She accepted employment that was substantially the same as her position with this employer. She has not established that the new employment would result in more hours (and thus more pay) or more permanent employment." Ewins further pointed out that she would not have left her position with Allied Security but for the new position.

 The primary policy behind the Employment Security Act is "to prevent 'involuntary' unemployment, not to encourage the voluntary upgrading of employment." *Garner v. Horkley Oil,* 123 Idaho 831, 834, 853 P.2d 576, 579 (1993). The Industrial Commission's finding that Ewins had voluntarily quit her employment with Allied Security without good cause connected with employment is supported by substantial, competent evidence.

This Court holds that Ewins did not meet her burden of proving that she met the eligibility requirements for unemployment benefits. The Industrial Commission's findings are sustained.

## CONCLUSION

This Court affirms the decision of the Industrial Commission denying unemployment benefits to Nina Ewins. Costs are awarded to the Respondent; no attorney fees on appeal are awarded.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, concur.