94 P.3d 686

Colleen STEWART, Claimant–Appellant–
Cross Respondent,

v.

SUN VALLEY COMPANY, Self–Insured
Employer, Defendant–Respondent–
Cross Appellant.

No. 28695.

Supreme Court of Idaho,
Twin Falls, November 2003 Term.

April 28, 2004.

Rehearing Denied July 21, 2004.

Colleen Stewart, Sun Valley, pro se appellant.

**382**

Bowen & Bailey, Boise, for respondent. Cris Kronberg argued.

SCHROEDER, Justice.

This is a workers' compensation case. Colleen Stewart (Stewart) appeals *pro se* from the Industrial Commission's (Commission) May 17, 2002, order denying her motion for reconsideration of the Commission's order of April 12, 2002. Stewart's former employer, the Sun Valley Company (Sun Valley), cross appeals, contending that the Commission erred in concluding that Stewart was not limited by the doctrine of collateral estoppel in establishing her claim for workers' compensation benefits.

## I.

### FACTUAL & PROCEDURAL BACKGROUND

Stewart was employed as a ski instructor by Sun Valley in Sun Valley, Idaho. On March 21, 1984, she was injured while teaching a ski class when a skier collided with her. Stewart filed a workers' compensation claim against her employer, Sun Valley, on March 28, 1984, and also initiated a third-party action in district court against the skier who collided with her alleging that he was skiing in a negligent manner and that the collision proximately caused her to suffer, among other injuries, a series of epileptic seizures.

On October 31, 1986, Stewart filed an application for a hearing with the Commission. Sun Valley filed its answer on November 12, 1986. A hearing date was originally scheduled for July 25 and 26, 1988. However, Stewart requested that the hearing be vacated on June 23, 1988. Thereafter, Stewart proceeded with her third-party claim against the skier.

A jury trial was held in July 1989, during which time several doctors testified. There was evidence that Stewart had been involved in a 1979 automobile accident, a December 1982 ski accident, and a June 1983 automobile accident. The skier conceded that Stewart suffered a broken scapula as a result of the 1984 ski accident but contended that the prior accidents caused or contributed to Stewart's epileptic seizures. The jury found

the skier 90% negligent and awarded Stewart damages in the amount of $4,504.25, although bills from Stewart's treating physicians totaled $14,315.12. The district court denied a motion for a new trial, and Stewart appealed to this Court.

This Court held that a new trial was not necessary merely because the jury failed to award Stewart the full $14,315.12 in medical expenses she had claimed. *See Stewart v. Rice*, 120 Idaho 504, 817 P.2d 170 (1991) (*Stewart I* ). The case was remanded for the district court to weigh the evidence to determine what amount that court would have awarded and to compare that amount to the jury's award.

The district court filed its decision on remand on December 31, 1991. The district court found that the evidence did not establish that the 1984 ski accident was a substantial factor in causing Stewart's epileptic seizures under either a "but for" or "substantial factor" test for causation. Stewart appealed again to this Court, which affirmed the judgment of the district court. *Stewart v. Rice*, 123 Idaho 58, 844 P.2d 687 (1992) (*Stewart II* ).

During the course of Stewart's third-party action and the appeal process that followed, Stewart took few steps to advance her workers' compensation claim. Between January 25, 1988, and April 12, 1993, the Commission sent Stewart three notices of intent to dismiss her claim for lack of prosecution. Each time the Commission agreed to retain the claim on its active calendar. On October 26, 1993, Stewart filed an amended complaint and Sun Valley filed its answer on November 17, 1993.

On October 10, 1995, Sun Valley moved to dismiss Stewart's claim on the ground that each of the issues in controversy had been settled in Stewart's third-party action against Rice and, thus, were controlled by the doctrine of res judicata and/or collateral estoppel. The Commission held a hearing on November 19, 1996. The issues noticed for the hearing were: (1) whether Stewart's present medical conditions had already been addressed in her third-party action and, if so, (2) whether Stewart's workers' compensation

claim was barred by the doctrines of res judicata and/or collateral estoppel. In its June 5, 1989, order, the Commission answered the first question in the affirmative, but concluded that Stewart was not barred by the doctrines of res judicata or collateral estoppel from pursuing her claim for workers' compensation benefits.

On July 7, 1998, Sun Valley appealed the Commission's June 5, 1998, order to this Court. An order conditionally dismissing the appeal was issued October 30, 1998, for the reason that it appeared the appeal was not from an appealable order or judgment. Sun Valley filed a response. This Court thereafter considered Sun Valley's notice of appeal a motion for permissive appeal and dismissed it on January 12, 1999. The case was then sent back to the Commission by remittitur filed February 5, 1999.

A second hearing was held on September 14, 2001. The issues noticed for the second hearing were: (1) the injuries Stewart suffered from her industrial accident, including any aggravations of any preexisting condition or conditions, and including any subsequent conditions that are the direct and natural consequences of her industrial injury; (2) the extent of Stewart's total temporary disability benefits to which she is entitled; (3) any past and/or future medical benefits to which Stewart is entitled; (4) the extent of Stewart's impairment, if any; (5) the extent of Stewart's disability, in excess of impairment, if any, including whether she is totally and permanently disabled; (6) apportionment of benefits, if any; and (7) whether Sun Valley is entitled to a credit by virtue of the third-party recovery. Sun Valley did not raise the issue of whether the doctrines of collateral estoppel and/or res judicata applied to this case until during the briefing stage of the proceeding. The referee declined to revisit the issue.

The referee issued findings of fact and conclusions of law that were adopted by the Commission's order of April 12, 2002, which concluded that Stewart had met her burden of proving that she suffered a broken scapula, disruption of her left shoulder, minor nerve damage in her left elbow, and upper thoracic (shoulder girdle) soft tissue injuries from her March 21, 1984, industrial accident. She also suffered an aggravation of her preexisting cervical strain, temporomandibular joint (TMJ), and headache conditions.

Stewart did not, however, meet her burden of proving that other conditions of which she complained (e.g., grand mal seizure disorder, abnormal brain activity, vision changes in the right eye, right ear nerve damage, left nipple discoloration and chest scarring, gynecological problems, low-back pain, resolved left-knee pain, and personality changes) were caused by her industrial accident.

The Commission concluded that Stewart met her burden of proving she was entitled to additional total temporary disability benefits from July 24 through October 26, 1984, a period of 13 weeks and 4 days. Stewart did not, however, meet her burden of proving entitlement to permanent partial impairment or disability benefits. The Commission also ordered retroactive payment for medical benefits for treatment, testing and medication Stewart received between May 1984, and January 1985. Stewart did not, however, meet her burden of showing entitlement to any future medical benefits, except for some treatment for headaches.

Stewart filed a timely motion for reconsideration on May 3, 2002. The Commission issued an order denying the motion on May 17, 2002.

Both parties appeal to this Court. Stewart filed a notice of appeal on June 28, 2002. Sun Valley filed a notice of cross-appeal on July 17, 2002. On appeal, Stewart makes a general challenge to the Commission's May 17, 2002, order denying her motion for reconsideration. Sun Valley argues that the Commission erred in determining that Stewart was not barred by the doctrine of collateral estoppel from pursuing her claim for workers' compensation benefits.

## II.

### STANDARD OF REVIEW

Idaho Code § 72–732 sets forth the standard of review to be applied in an appeal to the Supreme Court from a decision of the Industrial Commission. This Court may set

aside the order or award upon any of the following grounds: (1) the Commission's findings of fact are not based on any substantial competent evidence; (2) the Commission has acted without jurisdiction or in excess of its powers; (3) the findings of fact, order or award were procured by fraud; (4) the findings of fact do not as a matter of law support the order or award.

This Court exercises free review over the Commission's legal conclusions. *Moore v. Melaleuca*, 137 Idaho 23, 26, 43 P.3d 782, 785 (2002). However, the Court will not disturb the Commission's factual findings that are supported by substantial and competent evidence. *Dennis v. School Dist. No. 91*, 135 Idaho 94, 96, 15 P.3d 329, 331–32 (2000). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Jensen v. City of Pocatello*, 135 Idaho 406, 412, 18 P.3d 211, 217 (2000). "The substantial evidence rule requires a court to determine whether the agency's findings of fact are reasonable. In deciding whether the agency's findings of fact were reasonable, reviewing courts should not read only one side of the case and, if they find any evidence there, sustain the administrative action and ignore the record to the contrary." *Kirk v. Karcher Estates, Inc.*, 135 Idaho 230, 232, 16 P.3d 906, 908 (2000).

## III.

## STEWART HAS NOT DEMONSTRATED ERROR BY THE COMMISSION

In Stewart's June 28, 2002 notice of appeal she sought review by this Court of the Commission's order of May 17, 2002, which denied her motion for reconsideration of the Commission's order of April 12, 2002. Her appellant's brief does not offer guidance as to what specific aspects of the Commission's decision are under review or what relief is being sought. She does not present a legally supported argument in her appeal. Absent compliance with the Idaho Appellate Rules (I.A.R.), this Court will not search the record for error. *See Woods v. Crouse*, 101 Idaho 764, 765, 620 P.2d 798, 799 (1980). "Error is never presumed on appeal and the burden of

showing it is on the party alleging it." *Id.* (citations omitted).

Stewart's sole issue on appeal is stated as, "The ISSUES on this Appeal are that the Claimant was only hurt in the 1984 Sun Valley accident where she was employed at the time of injuries." This issue statement does not identify any findings of fact, statements of law, or application of law to the facts, that are allegedly in error. The broad assertion of error is basically an invitation to search the record for error, which this Court will not accept. *See Woods*, 101 Idaho at 765, 620 P.2d at 799. The record in this case consists of six volumes of clerk's records, nearly a thousand pages of trial testimony, over a hundred exhibits and nearly twenty years of procedural history encompassing both Stewart's third-party action against the skier and her workers' compensation claim before the Commission. Stewart has failed to demonstrate any error by the Commission. To the extent that a meaningful review can be conducted with guidance as to specific errors, it appears that the decision of the Commission's decision is supported by substantial and competent evidence.

## IV.

## THE COURT WILL NOT ADDRESS THE ISSUE OF COLLATERAL ESTOPPEL

Sun Valley claims that since Stewart previously litigated the issue of which injuries she suffered as a result of her March 21, 1984, ski accident in her third-party action, she should have been collaterally estopped from arguing greater injuries before the Commission. However, Sun Valley concedes that it would achieve the same result from the application of collateral estoppel to bar re-litigation of Stewart's medical conditions as it ultimately received from the Commission in its April 12, 2002, order. In another case the issue might be important, but a resolution of the issue should await a case in which the outcome is affected and which a meaningful responsive brief is presented that allows proper consideration of the issue.

## V.

## CONCLUSION

The decision of the Commission is affirmed. Sun Valley is awarded costs.

Chief Justice TROUT, Justices KIDWELL, EISMANN and BURDICK concur.