# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 36352

| | |
|---|---|
| V. J. MAGEE, | ) |
| | ) Twin Falls, November 2011 Term |
| Claimant-Appellant, | ) |
| | ) 2011 Opinion No. 17 |
| v. | ) |
| | ) Filed: January 24, 2012 |
| THOMPSON CREEK MINING | ) |
| COMPANY, Employer, and ACE FIRE | ) Stephen W. Kenyon, Clerk |
| UNDERWRITERS INSURANCE | ) |
| COMPANY, Surety, | ) |
| | ) |
| Defendants-Respondents. | ) |
| _____ | ) |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is <u>affirmed</u>.

Fuller Law Offices, Twin Falls, for appellant. Daniel S. Brown argued.

Moffatt, Thomas, Barrett, Rock & Fields, Chartered, Boise, for respondent. Andrew J. Waldera argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

On May 6, 2000, Appellant, V. J. Magee, sustained a work-related injury causing harm to his lumbar spine and impacting the use of his right leg, leaving Magee in chronic pain. The Idaho Industrial Commission held an administrative hearing and issued a final decision on October 15, 2004. The Commission found that Magee suffered a compensable industrial accident, that he sustained a ten percent (10%) permanent partial impairment to the whole body, and sustained a twenty percent (20%) permanent partial disability to the whole body. Magee appealed to this Court, which affirmed the Commission's 2004 decision.

While that appeal was still pending, Magee filed a second complaint with the Commission, arguing that the Commission's 2004 decision should be modified because of a change in Magee's condition. Magee argued that his case should be re-examined in order to

1

increase his benefits. The Commission held a second hearing where additional evidence was presented. On October 21, 2008, the Commission issued a final decision, concluding that Magee failed to prove that a change in condition had occurred. The Commission also found that its earlier 2004 decision did not result in manifest injustice and that the benefit claims, which were previously litigated, were barred by *res judicata*. Now, Magee brings a second appeal before this Court. On appeal, Magee argues that the Commission erred in determining that Magee failed to establish a change in condition, that the Commission erred in concluding that Magee's benefits claims were barred by *res judicata*, and that the Commission erred in concluding that the 2004 decision did not result in manifest injustice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellant, V. J. Magee, currently resides in Radersburg, a small mining town in Montana with a population of approximately 150 people. Magee has an eighth grade education, no GED, and has primarily worked as a heavy laborer in underground mines and oil fields. Magee's previous jobs included working as a miner, a millwright, and a truck driver. In 1983, Magee suffered a back injury, which took him approximately three years to recover and return to heavy labor.

In May of 2000, Magee resided in Cascade, Montana, with a population of nearly 2,000 people, and was employed by Respondent, Thompson Creek Mining Company, as a millwright in Clayton, Idaho.[1] On May 6, 2000, Magee either slipped or misstepped while walking up a flight of stairs at Thompson Creek's mine, causing him to fall on his leg on the stair's landing. Magee finished out his shift, but went to the hospital later that night complaining of severe lower back pain radiating into his right leg. Magee was diagnosed with acute low back pain with sciatica and was kept in the hospital overnight to treat his pain. Magee sought treatment from his family physician, Dr. Curt G. Kurtz. Dr. Kurtz treated Magee for "acute low back strain, a stretched sciatic nerve, and an SI joint disruption" over weekly and biweekly visits. Dr. Kurtz' treatment regimen consisted of colchicine IV injections[2] to reduce swelling in the nerves and prolotherapy.

---

[1] Although Magee's residence was in Montana, he had a temporary home in Clayton, Idaho for his job. This case is before the Idaho Industrial Commission because the accident occurred at the mine in Clayton, Idaho.

[2] Dr. Kurtz' use of Colchicine IV to treat acute back pain was an off-label use because the FDA has only approved its use for acute gout.

In September of 2000, Magee returned to work at Thompson Creek performing inventory in the warehouse for a period of one to five days.[3]  Following that period, Magee did not return to work and Dr. Kurtz faxed a letter to Thompson Creek indicating that Magee's condition prevented him from working.  Then, in 2001, Magee was employed as a highway flagger for four or five months.  Magee ultimately quit that job because he was concerned that the high dosage of pain medication he was taking would cause him to injure himself on the job.

Thompson Creek requested that an independent medical examination of Magee's condition be performed.  On May 1, 2001, Magee was examined by Dr. Michael Sousa, an orthopedic surgeon, and by Dr. Henry Gary, a neurosurgeon, who assigned Magee a permanent partial impairment rating of ten percent (10%) to the whole body.  The doctors opined that Magee's prognosis for a full recovery was poor to fair, yet concluded that he was capable of performing sedentary to light work.  In June of 2001, Dr. Kurtz reviewed Dr. Sousa and Dr. Gary's findings.  Dr. Kurtz concluded that Magee sustained a twenty-eight percent (28%) permanent partial impairment to the whole body.  Dr. Kurtz initially agreed with Drs. Sousa and Gary that Magee could return to work in a sedentary to light capacity.  However, Dr. Kurtz changed his mind and later concluded that Magee was unable to work due to his chronic pain.

In December of 2002, Magee filed a complaint for workers' compensation benefits and for reimbursement of medical expenses resulting from his employment accident.  On March 17, 2004, the Idaho Industrial Commission held an administrative hearing where the referee found that Magee suffered a compensable industrial accident during the scope of his employment, sustained a ten percent (10%) permanent partial impairment to the whole body, and sustained a twenty percent (20%) permanent partial disability to the whole body.  The referee also found that Magee was entitled to reimbursement for medical expenses incurred, but was not entitled to continuing medical care in the future.  The Commission issued a final decision on October 15, 2004, affirming and adopting the referee's findings of fact and conclusions of law.  Magee filed a motion for reconsideration of the Commission's 2004 decision which was ultimately denied.  Magee then appealed to this Court on January 12, 2005 to review the Commission's findings of fact regarding Magee's permanent disability ratings and his entitlement to future medical benefits.   This Court affirmed the Commission's 2004 decision, but clarified that the Commission's denial of future benefits applied only to the colchicine injections and the

---

[3] The exact length of time is disputed by the parties and the Commission did not make a finding on this factual issue.

prolotherapy,[4] and not to other forms of recommended medical care and prescription medications.

While that appeal was still pending, Magee filed a second complaint with the Commission, arguing that the Commission's 2004 decision should be modified, pursuant to Idaho Code section 72-719, because of a change in Magee's condition. Magee further argued that his case should be re-examined under Idaho Code section 72-719(3), in order to increase his benefits in the interests of correcting manifest injustice. On May 8, 2007, the Commission held a second hearing where additional evidence was presented. At the second hearing, the Commission considered all the evidence presented at the first hearing in 2004, as well as new evidence consisting of depositions of Magee's treating physician, Dr. Kurtz, Dr. Jim Deming, Magee's psychologist, Dr. Roy Tyler Frizzell, Magee's neurosurgeon, and Mr. Crum, a vocational rehabilitation consultant.

Based on the 2007 hearing, the Commission found that Magee moved to the remote town of Radersburg, Montana, that Magee described his physical condition as "about the same as it was" during the time of the Commission's 2004 hearing, and that Magee has attempted to find employment but has been unsuccessful in maintaining a job due to pain or problems commuting. The Commission also found the following facts: Magee is not currently registered with Job Service, or any vocational agency, and receives disability benefits from Social Security of approximately $1,100 per month. Dr. Kurtz testified that Magee should not return to any form of employment because he has the tendency to over-exert himself on jobs. Dr. Kurtz stated that Magee might be able to do light-duty or part-time employment. Magee is still seeing Dr. Kurtz for treatment and is still taking pain medication daily. Dr. Deming started seeing Magee in July of 2005 to treat his depression. Dr. Deming diagnosed Magee with "major depressive disorder with suicidal ideation related to chronic pain and attributable to the May 2000 industrial injury." Dr. Deming opined that Magee can maintain some level of work for three to five hours per day. Dr. Frizzell implanted Magee with a spinal stimulator to diminish pain signals using electrical currents. Dr. Frizzell opined that Magee could work in a light to medium work capacity. Mr. Crum testified that Magee's employment options are limited by his age, lack of skills, and physical impairments. Mr. Crum concluded that Magee "has no reasonable ability to access jobs

---

[4] The Commission found Dr. Kurtz's treatments to be somewhat controversial and not proven to be medically necessary. At the 2004 hearing, Dr. Gary testified that Magee should discontinue the colchicine IV treatment.

4

in his labor market and attempts at employment would be futile." Nevertheless, Mr. Crum's evaluation was limited to the labor market in Radersburg and Mr. Crum acknowledged that a larger market would produce greater opportunities for employment. Mr. Crum ultimately found that Magee's employment restrictions were essentially the same as they were in 2004.

On October 21, 2008, the Commission issued a final decision and concluded that Magee failed to prove that a change in condition had occurred. The Commission also found that its earlier 2004 decision did not result in manifest injustice, and that the benefit claims, which were previously litigated, were barred by *res judicata*. Again, Magee filed a motion to reconsider the Commission's 2008 decision which was denied. Now, Magee brings a second appeal before this Court to review the Commission's latest decision. On appeal, Magee argues that the Commission erred in determining that Magee failed to establish a change in condition, that the Commission erred in concluding that Magee's benefits claims were barred by *res judicata*, and that the Commission erred in concluding that the 2004 decision did not result in manifest injustice.

### III. ISSUES ON APPEAL

1. Whether the Industrial Commission erred in determining that Magee failed to establish a change in condition?

2. Whether the Industrial Commission erred in concluding that its 2004 decision did not result in manifest injustice?

3. Whether the Industrial Commission erred in barring Magee's benefits claims under the doctrine of *res judicata*?

### IV. STANDARD OF REVIEW

In reviewing decisions of the Industrial Commission on appeal to this Court, Idaho Code section 72-732 sets forth the standard of review. This Court may affirm or set aside an order or award made by the Commission, "or may set it aside only upon the following grounds: (1) the commission's findings of fact are not based on any substantial competent evidence; (2) the commission has acted without jurisdiction or in excess of its powers; (3) the findings of fact, order or award were procured by fraud; (4) the findings of fact do not as a matter of law support the order or award." I.C. § 72-732; *Ewins v. Allied Sec.*, 138 Idaho 343, 345–46, 63 P.3d 469, 471–72 (2003). In other words, "[t]he Commission has wide discretion in making factual determinations regarding worker's compensation claims." *Mulder v. Liberty Nw. Ins. Co.*, 135 Idaho 52, 55, 14 P.3d 372, 375 (2000).

5

When reviewing a lower court or agency's discretionary decision, this Court must conduct a three-part inquiry to determine whether the lower court abused its discretion. "A trial court does not abuse its discretion if it (1) correctly perceives the issue as discretionary, (2) acts within the bounds of discretion and applies the correct legal standards, and (3) reaches the decision through an exercise of reason." *West Wood Invs., Inc. v. Acord*, 141 Idaho 75, 82, 106 P.3d 401, 408 (2005) (citing *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 768, 86 P.3d 475, 482 (2004)). This Court will not disturb the Commission's findings of fact unless they are clearly erroneous and not supported by substantial and competent evidence. *Ewins*, 138 Idaho at 346, 63 P.3d at 472 (citing *Dennis v. School Dist. No. 91*, 135 Idaho 94, 96, 15 P.3d 329, 331 (2000)). Nevertheless, the Court exercises free review over the Commission's legal conclusions. *Ewins*, 138 Idaho at 346, 63 P.3d at 472 (citing *Moore v. Melaleuca*, 137 Idaho 23, 26, 43 P.3d 782, 785 (2002)).

## V. ANALYSIS

### A. The Industrial Commission Did Not Err in Determining that Magee Failed to Establish a Change in Condition

Magee asserts that he sustained a change in condition pursuant to Idaho Code section 72-719(a). The statute allows the Commission to modify an award if there is a "[c]hange in the nature or extent of the employee's injury or disablement." I.C. § 72-719(1)(a). When a claimant applies for modification of an award due to a change in condition under I.C. § 72-719(a), the claimant bears the burden of showing a change in condition. *Matthews v. Dep't of Corr.*, 121 Idaho 680, 681, 827 P.2d 693, 694 (1992) (citing *Boshers v. Payne*, 58 Idaho 109, 70 P.2d 391 (1937)). The claimant is "required to make a showing before the Commission that he had an increased level of impairment, and to establish with reasonable medical probability the existence of a causal relationship between the change in condition and the initial accident and injury." *Matthews*, 121 Idaho at 681–82, 827 P.2d 694–95 (internal citations omitted).

The Commission found that the only changes in Magee's condition since 2004 were the onset of depression and the implantation of the spinal stimulator. Magee contends that the development of a major depressive disorder leading to suicidal thoughts was directly related to the chronic pain caused by his May 2000 industrial accident. The Commission concluded that there is "no evidence that [Magee's] physical limitations were impacted by his depression and/or that [Magee's] depression impacted his disablement."

6

This Court finds that there was substantial evidence in the record to support the Industrial Commission's finding that Magee failed to establish a change in condition warranting modification of his award. Magee testified that his physical condition has not changed and the record shows that Magee's depression has improved. As a result of therapy and prescription anti-depressants, Magee is no longer suicidal. Moreover, evidence suggests that the implantation of the spinal stimulator has contributed to his improvement by significantly reducing his daily level of pain. Magee reported a sixty-five percent (65%) reduction of pain in the spine after the surgery and consequently decreased his dependence on pain medication by half. Drs. Kurtz and Frizzell both acknowledged that Magee's physical condition has improved as a result of the spinal stimulator by reducing his reliance on pain medication. Magee is still capable of work in the sedentary to light capacity, as he was in 2004. Mr. Crum, the vocational consultant agreed that his employment capabilities have improved since the implantation of the spinal stimulator. Therefore, the record supports the Commission's finding that Magee failed to prove how his depression decreased his physical capabilities. The Industrial Commission recognized that it had discretion, acted within the bounds of such discretion, and reached its decision by an exercise of reason. As such, this Court holds that the Commission did not abuse its discretion in concluding that Magee failed to show a change in condition.

**B.      The Industrial Commission Did Not Err in Concluding that the Commission's 2004 Decision Did Not Result in Manifest Injustice Warranting Correction**

The Commission may review a case to correct manifest injustice. I.C. § 72-719(3). In its 2008 decision, the Commission reviewed its initial findings of fact and conclusions of law made in the 2004 decision to determine if the award resulted in manifest injustice that warranted correction. The Commission reviewed the record and concluded that Magee's initial disability award in 2004 did not produce manifest injustice.

This Court finds that the Industrial Commission did not err in concluding that there was no manifest injustice in its initial 2004 decision. The Commission found that Magee has made minimal attempts to find employment and that Thompson Creek continues to pay for Magee's medical treatments and prescription medications, excluding his colchicine injections, which are mostly covered under Medicare. The Commission found that there was no evidence that the assignment of a 10% permanent partial impairment rating created manifest injustice. Further, Magee has been receiving disability benefits from Social Security consistent with a 20% permanent partial disability rating. The Commission further explained that it did not find Mr.

7

Crum's vocational analysis convincing because it was restricted to the limited employment opportunities in the small town of Radersburg, Montana. The Commission noted that a claimant cannot prove permanent disability by changing his residence, and thus, the Commission must consider the new residence and the claimant's residence at the time of the injury. *See Lyons v. Indus. Special Indem. Fund*, 98 Idaho 403, 407 n.3, 565 P.2d 1360, 1364 n.3 (1977). Thus, this Court finds that there is substantial evidence to support the Commission's finding that its initial 2004 decision did not result in manifest injustice.

**C.      The Industrial Commission Did Not Err in Barring Magee's Benefits Claims under *Res Judicata***

This Court has held that the doctrine of *res judicata* applies to agency decisions, including decisions of the Industrial Commission. *Welch v. Del Monte Corp.*, 128 Idaho 513, 516, 915 P.2d 1371, 1374 (1996). In Idaho, the doctrine of *res judicata* means that "in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also every matter which might and should have been litigated in the first suit." *Farmers Nat'l Bank v. Shirey*, 126 Idaho 63, 70, 878 P.2d 762, 769 (1994) (quoting *Joyce v. Murphy Land & Irrigation Co.*, 35 Idaho 549, 553, 208 P. 241, 242-43 (1922)).

Magee sought to re-litigate issues regarding medical benefits, permanent impairment and permanent disability due to a change in condition and/or to correct manifest injustice. Yet, the Commission concluded that Magee failed to meet his burden in proving that a change in the nature or extent of his injury occurred or that the Commission's initial decision resulted in manifest injustice. If the Commission had made such findings, then it would have reexamined the case to re-litigate the issues regarding Magee's medical benefits and disability award. However, because Magee failed to meet the threshold showing that would warrant re-opening the previously litigated issues, the Commission was correct to bar those claims under *res judicata*. This Court finds that the Industrial Commission did not err in concluding that Magee's issues regarding benefits and disability, which were previously litigated in 2004, were barred under the doctrine of *res judicata*.

**D.      Neither Party Is Entitled to Attorney's Fees on Appeal**

Thompson Creek requests reasonable attorney's fees under Idaho Code section 12-121, arguing that Magee's arguments on appeal are not supported in law or fact. Although it is a

close call, the Court is unable to conclude that Magee pursued this appeal frivolously. Thus, this Court declines to award Thompson Creek attorney's fees.

## VI. CONCLUSION

The Court affirms the Industrial Commission's conclusions that Magee failed to establish a change in condition, that the Commission's 2004 decision did not result in manifest injustice, and that the issues regarding medical benefits and disability were barred under *res judicata*. Costs awarded to Respondents.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.